Porter, J.
Judge Martin has communicated to me an opinion he has prepared in this case. It expresses so fully my ideas on the question which the cause presents, that I deem it sufficient to state, that I agree in the conclusion to which he has arrived; and am of opinion, that the judgment of the parish court, denying the party the benefit of the decree formerly rendered in the cause, which *12 directed the executor to file the accounts, be annulled, avoided and reversed; and that this cause be remanded, with directions to the judge of probates, to proceed on the judgment ordering the executor to account, and that the appellees pay the costs of this appeal.
East’n District.
May, 1821.
Martin, J.
The plaintiffs, heirs of E. Greffin, brought this suit against the defendants, his executors (for an account of the estate, and the delivery of the residue) in the court of probates of the parish and city of New-Orleans.
The defendant, Debon, filed a plea, declining the jurisdiction of the court. This plea was over-ruled, and he was ordered to answer over. Judgment was taken default, against the other defendant, for want of a plea or answer; neither of the defendants having taken any further step, the judgment by default was confirmed, and the court decreed, that both the defendants should exhibit, and file the accounts of their executorship.
No account having been exhibited, the *13 plaintiffs moved for a writ of distringas, which was refused; the court of probates being of opinion, that all the proceedings in the case were irregular, as the court was hitherto without any jurisdiction in the case, and could not decide it, only from the late act of the legislature, approved on the 18th of March, 1820. So that, if any thing was now claimed, in consequence of that act, the proceedings must be begun de novo.
The plaintiffs contend, that at the time of the inception of the suit, the matter was cognizable in the court of probates, and no other; and if it was not, the plaintiffs were without a remedy. They refer us to the part of the Code, which provides, that the jurisdiction exercised by parish judges, by virtue of the law in general, as well as by the provisions contained in the present Code, with respect to the opening, &c. of wills, the appointment, &c. of testamentary executors, &c. the inventory, appraisement, and sales of estates where absent heirs are interested, and generally, all judicial acts relative to said persons, and the administration of their property, shall be exercised, as it regards the parish of New-Orleans, by the city judge, &c. *14 Civ. Code, 182, art. 153. It is true, that the executor must render an account of his administration, at the expiration of the year of his executorship. Civil Code, 246, art. 173, and we are further referred to the Code, 246, art. 174, 182, art. 152, 180, art. 142, 6, 176, art. 135, 70, art. 69.
It appears to me, that at the expiration of a year and a day (if the time be not prolonged) from the date of the letters testamentary, the office of the executor expires; that during that period, he must, if called upon, render an account of his executorship, and is bound at its expiration, to exhibit and file his general account.
In the present case, the defendants (the year of executorship having expired, and no application having been made for its prolongation) were bound to account, and on their neglect the judge certainly could (before the passage of the late act) have directed them to do so; and his order, in that respect, is not less valid, for having been provoked by the party interested in the estate.
The court having, in my opinion, properly made the order, it is clear, had the power, and it was its duty to enforce it. This has *15 been endeavoured to be done by a writ of distringas, which is justified under an act of the legislative council, ch. 26, sect. 17, which provides, that writ for the execution of judgments, to be performed otherwise than by the payment of money. This provision, I think, relates only to final judgments, not to an interlocutory order, as those for the production of accounts or papers, which are more promptly enforced by a writ of attachment.
I therefore think, that we ought to reverse the decree or judgment of the court of probates, directing the plaintiffs to proceed de novo, and remand the cause, with directions to the judge to enforce his decree, directing the defendants to file and exhibit their accounts, and that the costs of this appeal be borne by the defendants and appellees.