ST. PAUL, J.
Plaintiff filed this suit on April 24, 1920, claiming that about the year 1883 she entered into a verbal agreement of copartnership with Oelestin Dabon, Sr., who died June 28, 1919, whereby all the property of every kind acquired during said partnership, either through their joint and individual labor and industry, or with money furnished by either, would become partnership property in which they would both share equally.
That pursuant to said agreement she furnished said Dabon $100 to take up a mortgage on his home, and sundry wages earned by her as a servant in the employ of other persons. That she worked with him in his truck garden, and nursed and took care of his children. That during his lifetime and during said partnership, said Dabon acquired certain pieces’ of real estate, of which petitioner now claims one-half. That after the death bf said Dabon his legal heirs took possession of said property and refused to recognize her claim thereto. Wherefore she prays recognition of her one-half interest in said property; and in the alternative for judgment against said heirs (1) for the sum of $8,849 alleged to have been furnished the partnership^ out of her own funds and out of her wages, and (2) for the further sum of $11,400 for her services in nursing and caring for the children.
To this petition defendants have filed all the pleas of prescription known to our law, from 1 to 30 years; and an exception of no cause of action based, as to the partnership claim, upon the fact that said partnership was not in writing and recorded as required by law; and as to. the rest of the claim upon the fact that at the very opening of her testimony plaintiff admitted that during (practically) all of said time she had lived in concubinage with the deceased. On the other hand, she testified that when she first went to Dabon’s house, and at the time the alleged partnership agreement was entered into, she went there simply to nurse and care for his children, and that the illicit connection was established only afterwards.
I.
 In so far as petitioner prays for a recognition of her right to a share in the property of the deceased under the alleged partnership, the exception of no cause of action was properly sustained. The alleged partnership was of the kind known to our Code as a “universal partnership,” Which is thus defined:
“Universal partnership is a contract by which the parties agree to make a common stock of all the property they respectively possess; they may extend it to all property, real or personal, or restrict it to personal only; they may, as in other partnerships, agree that the property itself shall be common stock or that the fruits only shall be such. * * * ” C. C. art. 2829.
But the Code expressly provides that such partnerships must be reduced to writing and recorded (C. C. art. 2834), and such agreements, unless reduced to writing and recorded in the mortgage office, can have no effect even between the parties. Murrell v. Murrell, 33 La. Ann. 1233. And even “particular” partnerships (which are such as are formep. for any business not of a commercial nature) must be reduced to writing and recorded if they are to include real estate. C. C. arts. 2835, 2835, 2848. All of which is, of course, in accord with the requirement of writing and recording in all that affects real estate.
II.
The exception of no cause of action was also properly sustained as to the claim for, services rendered the deceased in nurs *30 ing and earing for his children. Any such claim which she may have had is so interwoven and blended with her remuneration as a concubine that they are practically indistinguishable; and where the taint exists, it affects fatally and in all its parts the entire body of the claim. Where there is turpitude, the law will help neither party, but will leave them where they placed themselves. Simpson v. Normand, 51 La. Ann. 1355, 26 South. 266.
III.
But plaintiff’s claim, for the recovery of the money invested by her in the alleged partnership, to wit, the money advanced the deceased to discharge the mortgage on his home and the wages which she turned over to him for the alleged partnership purposes, stands on an entirely different footing.
In Delamour v. Roger, 7 La. Ann. 152, 155, this court said:
“There is a manifest difference between * * * the wages or reward promised in consideration of concubinage, which cannot be maintained; and a suit for property, the result of capital, industry, labor and economy. * * * The reasonable effect of article 2804 [now 2833] of the Civil Code, is to render the participator in concubinage incapable of recovering, as a universal partner, one half of the property acquired, although her labor may have contributed nothing toward its accumulation; but, when her capital and labor has contributed a full share towards the result, equity entitles her to half the property acquired.”
In Viens v. Brickle, 8 Mart. (O. S.) 11, this court held that if a man and woman contract to carry on business together, their subsequent cohabitation does not destroy or lessen any right which she may have upon him for a Remuneration for her services. And to the same effect see Succession of Pereuilhet, 23 La. Ann. 294, 8 Am. Rep. 595; Malady v. Malady, 25 La. Ann. 448; Succession of Llula, 44 La. Ann. 61, 10 South. 406.
We are therefore of opinion that as to that part of the alternate demand the exception of no cause of action is not well founded.
IV.
As to the pleas of prescription, we have already said that the claim for services in nursing and caring for the children of the deceased cannot be maintained; so that we need consider those pleas only in connection with her claim for reimbursement of the moneys furnished the deceased.
It will be observed that plaintiff is not claiming the return of a loan; on the contrary, she is asking (in the alternative) the restoration of the money invested in the alleged partnership.
Now the authorities above given show that the contract between these parties was not in itself immoral, and the parties to it might have carried it out in good faith if so disposed.
Accordingly, as long as both parties were satisfied to continue it, neither party had any claim against the other for reimbursement of what he had put into the partnership.
But when either party repudiated the contract, equity required that he should reimburse to the other what that other had furnished towards the partnership; and accordingly it was then, and then only, that a cause of action arose in favor of that other party for such reimbursement. And therefore prescription began to run only from that time.
Manifestly also the only prescription applicable to such an action is that of ten years; for that is the only prescription applicable to quasi contracts (Police Jury v. McDonogh, 10 La. Ann. 395); and an action for such reimbursement is clearly one for the recovery of a payment not due. Mouton v. Noble, 1 La. Ann. 192, 193; McCall v. Corning, 3 La. Ann. 409, 413, 48 Am. Dec. 454; C. C. arts. 2301, 2305.
V.
We are therefore of opinion that the pleas of prescription should have been referred to the merits. If plaintiff can prove *32 the existence of the alleged partnership agreement, then her claim is prescribed only by ten years from the time when the heirs of Dabon first repudiated the agreement. If she fails in establishing such an agreement, then any moneys she may have advanced to Dabon were simply loans and are prescribed by three years from the time when each advance was made. Succession of Llula, 44 La. Ann. 61, 10 South. 406.
Decree.
The judgment appealed from is therefore affirmed in so far as it maintains the exception of no cause of action as to the petitioner’s claim for an interest in the property of the deceased, and as to, her claim for services; and said judgment Is reversed in so far as it maintains the plea of prescription against her claim for reimbursement, which plea of prescription is now referred to the, merits. And this cause is now remanded to the court below for further proceedings in accordance with the views hereinabove expressed; defendants to pay costs of this appeal and all other costs to await final judgment.
Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.