(115 So. 139)

No. 26824.

## WEISS v. DABON.

Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Lis pendens** ⬤�ि20—**Cancellation from mortgage records of lis pendens filed by one whose claim to interest in property was denied held proper (Act No. 22 of 1904).**

Where suit to recover undivided interest in real property and for compensation for services by one filing lis pendens was restricted to mere personal claim for reimbursement, creditor procuring sale of property under executory process was entitled to have inscription of notice of lis pendens placed on mortgage records, under Act No. 22 of 1904 canceled.

2. **Descent and distribution** ⬤⟿130—**Succession; inscription on mortgage records, showing creditor's lien claim on property inherited, was properly canceled, where creditor's suit was not brought for separation of patrimony (Civ. Code, arts. 1456, 1457, 3275).**

One procuring sale of property under executory process *held* entitled to cancellation from mortgage records of inscription showing filing of affidavit by creditor of deceased claiming lien and privilege as creditor on property inherited, under Civ. Code, arts. 1456, 3275, where such creditor failed to demand separation of patrimony or comply with article 1457 requiring sworn declaration of heir's insolvency.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Suit by Joseph L. Weiss against Mrs. Olivia Dabon, wife of Frank Greenwood. Rule was issued against Angele Lagarde. Judgment for plaintiff, and respondent Lagarde appeals. Affirmed.

Joseph J. Ritayik, of New Orleans, for appellant.

A. D. Danziger and Albert B. Koorie, both of New Orleans, for appellee.

ROGERS, J. Certain real property owned by the defendant in the city of New Orleans was sold under executory process issued at the instance of plaintiff. In order to execute an unincumbered title to the purchaser, this proceeding was brought by plaintiff to obtain the cancellation from the mortgage records of two inscriptions recorded therein by the respondent Angele Lagarde. From a judgment ordering their cancellation, the said respondent is prosecuting this appeal.

The inscriptions are:

1. Notice of suit filed by the appellant, Angele Lagarde, against the defendant and her brother, Celestin Dabon, Jr., to recover an undivided one-half interest in certain property inherited from their father and also compensation for services rendered.

2. An affidavit filed by appellant on January 25, 1924, claiming a lien and privilege as a creditor on the property inherited by the defendant, Olivia Dabon Greenwood, from her father.

The suit referred to in the inscription hereinabove first mentioned was decided by this court on November 5, 1923; the decree becoming final on January 25, 1924, when the rehearing applied for was refused. This court held that the plaintiff in that suit, the appellant here, had no interest in the property nor any claim for services rendered; but that she did have a claim for reimbursement for any moneys she might have furnished the deceased. The case was then remanded in order that she might have an opportunity of establishing her said claim for reimbursement; the plea of prescription interposed thereto being referred to the merits. See Lagarde v. Dabon, 155 La. 25, 98 So. 744.

[1] The notice of lis pendens was placed of record by the appellant under the authority of Act 22 of 1904. The statute provides for such recordation where the action affects the title or asserts a lien or mortgage upon immovable property. But this court held that appellant had no interest in or lien upon the property of the decedent. The action reserved to her was merely a personal one for the reimbursement of certain moneys alleged to

have been furnished (i. e., loaned) to him. Therefore, the inscription should be erased from the public records. In fact, under section 3 of the statute, the previous judgment would have so ordered, if the matter had been properly placed before the court.

[2] The inscription of the affidavit wherein appellant claims to be a creditor of the deceased is without any legal effect. It was made upon the theory that her action is one for a separation of patrimony, and that the recordation of the notice of lis pendens within three months after the judgment sending the heirs into possession preserves her privilege arising from said demand. Civ. Code, art. 3275.

By Civ. Code, art. 1456, "the suit of separation of patrimony must be instituted within three months from the express or tacit acceptance of the heirs; after the expiration of this term, it is not admitted."

Celestin Dabon, Sr., died June 28, 1919. More than seven months thereafter, namely, on February 9, 1920, his children and forced heirs applied to be recognized and sent into possession, and judgment was rendered accordingly. Appellant's suit was filed and notice of lis pendens recorded on April 24, 1924.

Whether the heirs tacitly accepted their father's succession prior to their formal and express acceptance thereof in February, 1920, we have no means of ascertaining, because, upon the defendants' objection, the court below refused to go into the question of separation of patrimony on the ground that plaintiff had not set up any such claim in her petition.

There is not in the suit instituted by appellant any demand whatever for a separation of patrimony; nor has she complied, moreover, with Civ. Code, art. 1457, which declares:

"The petition for separation of patrimony shall not be received unless it be accompanied with the sworn declaration of the creditor or creditors parties to it, that they believe the heir is embarrassed with debts, and that they have reason to believe that his personal debts will absorb the effects of the succession to their prejudice."

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.