(129 So. 150)
Succession of ARNOLD.
No. 30473.

May 5, 1930.

Rehearing Denied June 2, 1930.

Frederick B. Freeland, of New Orleans, for appellants Dahmen and others.

James N. Brittingham, Jr., of New Orleans, for appellee Newlin.

O'NIELL, C. J.

This is an appeal from an order appointing the public administrator to administer the estate of Mrs. Rose Lee Arnold, who died in New Orleans, leaving no heirs, and leaving an estate valued at $73,136.56. The appellants, who opposed the petition of the public administrator for letters of administration, are Henry L. Dahmen, who averred that he was "a partner in community with the decedent," and four other persons, who joined Dahmen in the averment that, although no will had been found, the deceased had left a will, in which each opponent was named as a legatee and in which one of them, Tom J. Freeland, was appointed executor. All of the opponents averred that, if the alleged will could not be found, Dahmen, as "partner in community with the decedent," was entitled to be appointed administrator of her estate in preference to the public administrator.

When the application of the public administrator and the oppositions thereto were called for trial, on the day previously fixed, the attorney for the public administrator objected to the hearing of any testimony in support of the oppositions, on the ground: First, that no will had been or could be found; and, second, that the allegation merely that Dahmen was "a partner in community with the decedent," without any allegation or pretense that he was her surviving husband, did not disclose any right on the part of Dahmen to be appointed administrator of the estate. The district judge maintained the objection and dismissed the oppositions without hearing any evidence in support of them.

Our opinion is that the ruling was correct. The judge had already appointed a notary public to search the premises and examine the contents of the bank box of the deceased, to ascertain whether she had left a will; and the notary, at the request and in the presence of the attorney for the opponents, had made thorough and repeated searches and had inquired at the several banks in New Orleans, and it was therefore quite certain, on the day of trial of the oppositions, that there was no will to be found. The allegation of the opponents that Dahmen was "a partner in community with the decedent," without any allegation or pretense

that he was her surviving husband, did not show any right on his part to be appointed administrator of her estate; hence it would have been useless to hear evidence on that subject. It is suggested in the briefs that the allegation that Dahmen was "a partner in community with the decedent" meant that there was a universal partnership existing between them. If that was the meaning of the allegation, it was not susceptible of proof, because it was not alleged that there was a partnership agreement in writing. A universal partnership cannot be established except by a written contract, signed by the parties and duly recorded. Rev. Civ. Code, art. 2834. Verbal testimony is not admissible to prove the existence of such a partnership. Lagarde v. Dabon, 155 La. 25; 98 So. 744.

██ Appellants complain of a ruling of the judge denying them the right to have the depositions taken of a witness residing in Brooklyn, N. Y. The petition was not filed until the day fixed for the trial of the oppositions. The purpose of the interrogatories annexed to the petition was to ascertain what the witness knew as to whether Mrs. Arnold had left a will, and as to where it might be found. Inasmuch as no will has yet been found, it is quite certain that the proposed taking of the depositions of the witness in Brooklyn would have been in vain.

The judgment is affirmed.