Loraine Transfer Company, Inc., instituted this suit against Freta Sullivan Daniel, a former employee, alleging she owed to it the sum of $248.40, which it itemized as follows:
November 22, 1937, advance to pay sanitarium bill .................................................. $110.00 May 20, 1939, check ..................................... 3.00 June 20, 1939, check .................................... 5.00 June 28, 1939, check .................................... 31.00 Premiums paid on health and accident insurance policy, first payment June 2, 1937, last payment April 1, 1940, thirty-five months, at $2.84 per month ................................................. 99.40
Defendant filed a plea of prescription of three years. She then answered denying that she was indebted unto plaintiff in any amount.
The lower court first rendered judgment for plaintiff in the sum of $82.66 but on rehearing it reversed its former judgment and rejected plaintiff's demands in toto. From that judgment plaintiff is prosecuting this appeal.
The lower court rendered written reasons for its judgment, which are as follows:
"The Court rendered judgment herein against defendant for a part of the premiums paid on the insurance policy by plaintiff on the ground that the policy named defendant's father as beneficiary; that defendant kept the books; that she was insured during the time and the company received no benefit from the policy; and the fact that defendant removed and took the policy with her when she left plaintiff's employ. This latter holding was denied by defendant and a new trial was granted on that phase of the question. On the new trial the defendant denies positively that she removed the policy when she left plaintiff's employ — there is a variance between plaintiff and defendant as to where the policy was kept; it is clearly uncertain whether defendant took the policy with her as plaintiff does not testify that he looked for the policies where the defendant says they were left. It further appearing that plaintiff asked the agent to write this policy for defendant and plaintiff did not controvert this with the testimony of the witness (insurance agent) who wrote the policy; the fact that plaintiff paid premiums on a number of his employees' policies; the fact that it admittedly paid the first three or four months' premiums on this policy — which were not charged to defendant — and the fact that all premiums were paid by the plaintiff and not charged back to defendant until after defendant sued the president of the company on a personal matter, place the weight of the testimony in favor of defendant and the burden being on plaintiff to establish its case by a preponderance of the testimony which, in my opinion, it has not done.
"For the reasons assigned, there is now judgment rejecting plaintiff's demands in toto, at its cost."
There were only three witnesses who testified in the case, viz., L.L. Davidson, president and sole owner of the plaintiff corporation, the defendant and her mother. Numerous checks and documents were filed which are meaningless without clear explanation by witnesses.
The testimony of defendant and her mother clearly outweighs that of the president and owner of plaintiff corporation in regard to the item of $110 advanced November 22, 1936, to pay a sanitarium bill owed by defendant. It is plaintiff's contention that it advanced this money and although defendant remained in its employ *Page 246 
for approximately four years thereafter, she never repaid any part of it and was never requested to pay it; that when it discharged her it paid her two weeks' salary and made no mention of her being indebted unto the corporation in any amount.
Defendant and her mother both testified that Mr. Davidson, president and owner of the plaintiff corporation, insisted on advancing the money and stated that defendant's salary would continue during the illness and the amount advanced would be deducted from it. Defendant was ill for six weeks. Her salary was $25 per week, and at the request of Mr. Davidson, she went to the office of the company at the end of the six weeks and was paid $40, the balance due over and above the sanitarium bill which Davidson advanced. Furthermore, there could be no doubt about this item having prescribed by three years. The money was advanced on November 22, 1936. There was no specific maturity date on the loan, therefore, the prescription of three years began to run from the date of the advancement. Revised Civil Code, Articles 3458 and 3538; Jelsch v. Laurich, La.App., 187 So. 819; Lagarde v. Dabon, 155 La. 25, 98 So. 744; Succession of Joseph Llula, 44 La.Ann. 61, 10 So. 406. This suit was not filed until November 26, 1940, or more than four years after the advance was made by the plaintiff.
We are of the opinion that plaintiff has failed to prove that the cancelled checks for $3, $5, and $31 were for money loaned to the defendant. The burden of proof was on plaintiff. Mr. Davidson contends these items were for money advanced to defendant to make payments on a car note. Defendant denies that to be a fact. Defendant was a trusted employee of plaintiff and in the absence of Mr. Davidson ran the business. We think it true that in Mr. Davidson's absence defendant would advance her personal money to the truck drivers who were going on long trips and it is certain that she at various times loaned both the corporation and Mr. Davidson, personally, considerable sums of money. It is her contention that these three checks were to take care of monies so advanced by her. Plaintiff has not shown by a preponderance of the testimony that defendant owes it these three items.
The only remaining item sued on is that for money paid for a policy of health and accident insurance on defendant by plaintiff. Mr. Davidson testified that the insurance agent sold each of his employees a policy and that by agreement he paid all the premiums on the first of each month in one check. He further testified that the policy was given to defendant and kept by her and that when she left plaintiff's employ she took the policy with her. Defendant testified that the policy, together with the ones on the other employees, was taken out by Mr. Davidson for the corporation; that she did not have the policy and did not remove it or take it when she left the plaintiff's employ; and that she at no time had any dealings with the insurance company regarding the policy. The policy was not offered in evidence and the insurance agent who could have cleared up this dispute was not called as a witness. Plaintiff is again faced with the burden the law places on it to prove its claim by a preponderance of the testimony.
The record shows that the check given to pay all of the premiums was charged on the books to "Insurance". Mr. Davidson paid defendant her salary every two weeks. At no time was any deduction made for insurance or anything else. All checks of the corporation were signed by Mr. Davidson and were based on a pay roll listing the different employees and the amounts due each. There were only twelve or fourteen employees altogether. It was not a large business and was under the sole control and supervision of Mr. Davidson. It is difficult to think that he did not know that deductions were not being made from defendant's salary during the several years the policy was in effect. He had the pay rolls before him and signed checks to get the money to meet them. The policy will show who was made beneficiary in it and for whose benefit it was taken out. It is not before us. The agent who sold the policies was not called as a witness. If he had been he could have cleared the matter up.
Plaintiff's testimony alone is not sufficient to overcome the testimony of defendant on this item. This is especially true when we consider the intentionally evasive replies of Mr. Davidson to simple questions asked him by counsel for defendant. His attempt to evade the questions which, if answered clearly and positively, would have assisted the court in arriving at a just decision, is not conducive to the formation of an opinion by us that he felt secure in *Page 247 
the justness of his corporation's claim against the defendant.
Plaintiff has failed to prove his case as is required by law and the judgment of the lower court is affirmed with costs.
 On Rehearing.