BOND, Justice.
 

 The plaintiff, Sidney V. Heatwole, and the defendant, Eva Stansbury, commenced living together as man and wife, although not lawfully married, about seventeen years ago. On December 28, 1945, the plaintiff filed suit against the defendant claiming the ownership of one-half of a homestead savings account accumulated during their concubinage on the ground that there was a partnership existing between him and the defendant. In the alternative, the plaintiff prayed that should the court find that there was no partnership, he should be allowed to recover the amount which he contributed to the homestead savings account. The defendant denied the existence óf a partnership between her and the plaintiff and that the plaintiff had contributed any amount to the savings account. From a judgment dismissing the suit in the lower court, the plaintiff has appealed.
 

 The record shows that on August 19, 1943, account No. 4781 was established in the Pelican Homestead Association by the defendant in the name of “Mrs. Eva Heatwole”; that on February 3, 1944, the defendant opened account No. 4913 in her name; that the defendant subsequently placed account No. 4781 in the name of “Mr. or Mrs. Sidney Healwole”; that the exact date of this transfer is not disclosed by the books of the homestead; that on September 13, 1944, the defendant transferred the balance standing in the joint name of “Mr. or Mrs. Sidney Heatwole”, account No. 4781, to her own account, No. 4913, in said homestead; that this money remained in her account from September 13, 1944 until December 10, 1945, when she transferred all of the money from this account to account No. 54901 in the name of “Mrs. Eva Stansbury or Mrs. J. E. Stansbury, Jr.”; and that on December 28, 1945, there was a balance of $4975.00 in this account. The record further shows that during the time that this savings account was being accumulated, both parties were earning good salaries; and that from time to time the plaintiff turned over portions of his earnings to the defendant.
 

 The plaintiff testified that there was an agreement between him and the defendant that they would pool their earnings and any savings accumulated would belong to. them jointly; and further, that a statement of his earnings during the period in which the savings account was accumulated shows.
 
 *346
 
 that he was capable of having contributed to the account.
 

 The defendant testified that any money which the plaintiff may have given to her was used by her to pay household expenses and that all deposits made in the homestead savings account were made from her own earnings.
 

 The partnership which the plaintiff is attempting to set up as having existed between him and the defendant is the kind referred to in our Civil Code as a univer-. sal partnership. However, the agreement which is alleged to have existed between the plaintiff and the defendant herein is a verbal one only. A universal partnership cannot be created without writing, signed by the parties and registered in the manner prescribed by law. R.C.C. Art. 2834.
 

 Having concluded that there did not exist between the plaintiff and the defendant a universal partnership, the court, in order to give effect to plaintiff’s claim of a proprietary one-half interest in the savings account, would have to create a species of community which is repugnant to public policy. The fact that the plaintiff and the defendant lived in secret and not in open concubinage did not establish a community of acquets and gains between them which would enable the plaintiff to recover one-half of the property accumulated during the term of the concubinage. The difference between open and secret concubinage is established in the Succession of Lannes, 187 La. 17, 174 So. 94. There the capacity of one concubine to donate to the other was involved. In the instant case, a claim of ownership by one concubine against the other is the issue. The Lannes case supra, therefore, has no bearing on the instant one.
 

 It is to be noted that concubines, although under certain disabilities, in the interest of good morals, are not prevented from asserting claims arising out of business transactions between themselves, independent of the concubinage. But the claimant must produce strict and conclusive proof before he can be afforded relief. Tested by this rule, the plaintiff here has failed to make out his case. The record is entirely lacking as to proof of any amount deposited in the homestead savings account by him. Therefore, we find no reason to disturb the holding of the lower court that to render any judgment on the evidence produced by the plaintiff “would be conjecture or guess work”.
 

 For the reasons assigned, the judgment' of the district court is affirmed; plaintiff to pay all costs of court.