SAMUEL, Judge.
Plaintiff and defendant were married on September 12, 1949, and divorced (as a result of their separation in 1954 and continuous living separate and apart thereafter) on June 19, 1958. They had lived together in concubinage for several years prior to the marriage. Defendant owned separate immovable property, purchased in 1942, upon which he constructed a residence. A carpenter by trade, he did the work himself with the assistance of some of his relatives and friends and, according to her testimony, also with plaintiff’s assistance. The building was constructed almost to completion prior to the marriage while the parties were living together in concubinage. A small amount of work was done, and improvements added, after the marriage. Most of the materials used were secondhand or even scrap.
One month after the marriage, specifically on October 11, 1949, defendant applied for and later obtained a homestead loan of $2,000.00 on the property (for the purpose of paying for materials used in the building) and $936.15 was paid on this mortgage during the marriage with community funds. At the time of the application for the loan an appraisal (solely for loan purposes) valued the whole property at $2,500.00 with the lot alone being valued at $600.00. At the trial a real estate expert testified that the property had a fair market value, as of the date of the divorce, of $10,500.00, consisting of $3,200.00 for the land and $7,-300.00 for the improvements. Plumbing fixtures, bath tubs and kitchen sink were added and connected with the sewerage system during the marriage at a cost of $750.00, $300.00 of which was paid for by the defendant out of separate funds received by him as terminal leave pay from the Army.
Plaintiff has filed this suit for $3,650.00, representing one-half of the amount allegedly due by the separate estate to the community of acquets and gains for the enhanced value of the property by reason of the improvements placed thereon during the existence of the community plus the amount due as a result of the alleged fact that, prior to their marriage and in contemplation thereof, the parties had entered into a partnership to place the improvements upon the land involved and to which partnership plaintiff contributed both money and labor.
There was judgment in the trial court in favor of plaintiff in the total amount of $1,693.07, which consisted of one-half of $936.15, the amount paid on the mortgage with community funds, one-half of $450.00, the amount paid with community funds for the plumbing, etc., and $1,000.00 for the following as expressed by the trial court in its reasons for judgment:
“The plaintiff has a claim for the moneys and effort she expended in building the home prior to her marriage to the defendant. Also there is the question of inflation to be considered.
“The Court must use common sense in a matter of this kind. Consequently, an estimate of $1,000.00 is equitable.”
Defendant has appealed only from that part of the judgment which awarded the $1,000.00 item. Plaintiff originally answered the appeal asking for an increase in the amount of the judgment but has abandoned her answer and now asks simply that the *240 trial court’s ' judgment be affirmed. Thus the only question before this court involves the $1,000.00 award.
The only testimony in the record relative to moneys and efforts expended by plaintiff in the construction of the building and the placing of improvements thereon is that of the plaintiff and the defendant themselves. The defendant denied that plaintiff had contributed anything. But we are satisfied from the testimony of plaintiff that while the parties were living together prior to their marriage she did assist in the work involved. Although employed at the time, in the afternoons after work she helped to scatter and clean filling placed on the lot, pull nails from the second-hand lumber used, pass lumber to the defendant, and did other similar work in assisting the defendant in a minor capacity. The parties moved into the building before it was completed (this was also before the marriage) and plaintiff testified that sonre of the inside sheet rock was finished after they moved in. However, there is no testimony by her, and no evidence at all, as to whether this sheet rock work was completed before or after the marriage.
A comparison of two photographs of the building, one taken at the time of the application for the homestead loan approximately one month after the marriage and the. other taken after the divorce, reveals only two or three changes to the outside of the building and these of such a minor nature that they could not possibly enhance the value of the property.
The portion of plaintiff’s claim for one-half of the increased value of the defendant’s separate property after the marriage is based upon LSA-Civil Code Article 2408, which reads as follows:
“When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade.”
We conclude from all of the evidence that the only improvements made to the property after the marriage, other than such as may have been paid with moneys received as a result of the mortgage, were the plumbing and its connections to the sewerage line. There is nothing in the record to show that these improvements contributed to or were responsible for any part of the enhancement in value of the separate property beyond the actual cost of such improvements. Therefore, plaintiff’s claim as a wife under Civil Code Art. 2408 has been fully satisfied by that portion of the judgment which awards her one half of the cost of the plumbing and sewerage connection and one half of the amounts paid on the mortgage with community funds.
We now address ourselves to that portion of plaintiff’s claim which arose prior to her marriage to the defendant. Concubines, although under some disabilities in the interest of good morals, are not prevented from asserting claims arising out of business transactions with their paramours which are independent of the concubinage; but the claimant must produce strict and conclusive proof before she can be afforded relief. Jackson v. Hampton, La.App., 134 So.2d 114; Heatwole v. Stansbury, 212 La. 685, 33 So.2d 196; Sims v. Matassa, La. App., 200 So. 666; Succession of Llula, 44 La.Ann. 61, 10 So. 406.
Here there is no proof whatsoever of a partnership or of any understanding or agreement between the parties that plaintiff was to receive any compensation for the work she claims to have done on the separate property. Defendant did not agree to pay for this work and nothing in the *241 record suggests that plaint! ff expected compensation therefor. Indeed, the assistance of at least one of the other persons who helped defendant, the individual who did the electrical work, was given without compensation and the testimony does not indicate that any of the people who assisted either received pay or expected to be paid for their work.
Insofar as plaintiff’s claim relative to moneys contributed by her prior to the marriage for materials used in the construction is concerned, the record is entirely devoid of proof of any specific amount or amounts so contributed either in whole or in part. The plaintiff’s testimony, and this is the sole proof offered on the point, is only that she and the defendant put their moneys together and lived like husband and wife prior to the marriage. There is no proof whatsoever as to how much of her money was so contributed nor, except for a vague reference in plaintiff’s testimony to purchases of “groceries”, for what purposes any of such money was used. Under these circumstances the amount of any award for the same would be based on pure conjecture and therefore not allowable. The applicable rule, as expressed in the cited case of Heatwole v. Stansbury, 212 La. 685, 690, 33 So.2d 196, 197, a suit to establish ownership of one half of a homestead savings account accumulated during the concubinage of the parties, is as follows:
“It is to be noted that concubines, although under certain disabilities, in the interest of good morals, are not prevented from asserting claims arising out of business transactions between themselves, independent of the concubinage. But the claimant must produce strict and conclusive proof before he can be afforded relief. Tested by this rule, the plaintiff here has failed to make out his case. The record is entirely lacking as to proof of any amount deposited in the homestead savings account by him. Therefore, we find no reason to disturb the holding of the lower court that to render any judgment on the evidence produced by the plaintiff ‘would be conjecture or guess work’.”
We conclude that plaintiff was not entitled to the $1,000.00 award contained in the judgment.
For the reasons assigned, the judgment appealed from is amended so as to reduce the same from $1,693.07 to $693.07, and as thus amended and reduced, and in all other respects, said judgment is affirmed; cost of this appeal to be paid by plaintiff-appellee.
Amended and affirmed.