150 So.2d 61 (1963)
Adell CHAMBERS, Plaintiff-Appellant,
v.
T. L. CRAWFORD, Defendant-Appellee.
No. 9865.
Court of Appeal of Louisiana, Second Circuit.
February 7, 1963.
John S. C. Massey, West Monroe, for appellant.
J. B. Dawkins, Monroe, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
*62 GLADNEY, Judge.
Plaintiff, Adell Chambers, brought this suit praying for judgment recognizing her ownership of an undivided one-half interest in a certain described house and lot located in Ouachita Parish, for a partition thereof by licitation, and reimbursement of sums paid for the preservation of the property. The action was defendant on the ground that the purchase of the property was made in order to continue a relationship of concubinage, a purpose forbidden by law or good morals and, therefore, plaintiff was not entitled to recover the ownership of the property on any theory of partnership, nor was she entitled to recover any sums expended for the restoration and preservation of the property. The trial court rejected plaintiff's demands and she has appealed.
On November 10, 1959, the subject property was purchased by the defendant from Harold D. Touchstone, the deed reciting that the property was sold to "T. L. Crawford, whose name consists of the initials only, a married man whose wife is Adell Chambers." On the same date Crawford executed a cash deed in favor of Peoples Homestead & Savings Association, together with an instrument reconveying the property to the defendant on credit terms. The instrument did not designate Adell Chambers as a vendee.
Adell Chambers testified that when she went to live with Crawford she knew that he was already married, but that he promised to obtain a divorce and marry her. The parties continued to live together for a number of years, until September, 1960, during which month Crawford moved out of the house and the parties did not live together thereafter. Crawford admitted that after the separation he did not give plaintiff any sums of money, nor make any payments to the Peoples Homestead & Savings Association on the mortgage, or with respect to improvements on the house.
Appellant's argument that she is entitled to an ownership interest in the property and return of the payments made during the relationship of concubinage is without merit. The rule as recognized in Sparrow v. Sparrow, et al., 231 La. 966, 93 So.2d 232 (1957) is that where the initial motive and purpose for a paramour and concubine coming together is concubinage, and such relationship continues, the concubine is not entitled to recover assets of the joint entity on the theory of partnership. This legal principle is predicated on LSA-C.C. Arts. 12 and 2804, which provide:
"Art. 12. Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed.
* * * * * *
"Art. 2804. All partnerships are null and void which are formed for any purpose forbidden by law or good morals. * * *"
If it be conceded, arguendo, that such a partnership did exist, it would constitute a "universal partnership" under LSA-C.C. Art. 2829 and by virtue of Art. 2834 must be reduced to writing and recorded. Lagarde v. Dabon, et al., 155 La. 25, 98 So. 744 (1923). The asserted arrangement between the appellant and appellee was never reduced to writing.
Counsel for appellant further contend that the plaintiff and defendant were living in secret concubinage. If this fact be proven, plaintiff may recover her advances, but the record fails to justify a finding that the relationship was a secret one. The test applied to determine whether concubinage is open or secret is as stated in Succession of Washington, La.App., 140 So.2d 906, 910 (4th Cir., 1962):
"If the general public, their friends, neighbors, trades people and fellow church members, if any, believed they were lawfully married to each other and the parties promoted that belief by guarding closely the secret that they were not married to each other and *63 by presenting each other as husband or wife, respectively, they would not be classed as living in open concubinage."
The position is taken by counsel that even where the parties are living in open concubinage and acquire property during the existence of that relationship, there are instances in our jurisprudence where each party is allowed to recover one-half of the property acquired during the concubinage and restoration of one-half of the sums expended for the restoration and preservation of the property, citing Heatwole v. Stansbury, 212 La. 685, 33 So.2d 196 (1947); Manning v. Harrell, La.App., 59 So.2d 389 (2d Cir., 1952); Succession of Washington, supra; Jenkins v. Prevost, La.App., 140 So. 2d 238 (4th Cir., 1962); and Succession of Davis, La.App., 142 So.2d 481 (2d Cir., 1962). These decisions are based on facts not found in the instant case. Thus, in Succession of Washington, Succession of Davis and in Manning v. Harrell, the deed of acquisition expressly named the concubine as one of the purchasers, which fact the courts held created a presumption that payments by the concubine were not derived from the illicit relationship, although such presumption is rebuttable. Herein, Adell Chambers was not a named vendee and the rule as applied in Sparrow v. Sparrow, supra, must prevail. In Jenkins v. Prevost the parties lived together in concubinage prior to their marriage. The court held the evidence disclosed that plaintiff's claim as wife entitled her to the return of one-half of the amounts expended from community funds, but that she was not entitled to recover sums advanced prior to the marriage.
There was presented in Heatwole v. Stansbury a claim by Heatwole against his former concubine on the ground that there was a partnership existing between them, and on this basis he sought to recover the amount which he asserted he had contributed to a homestead savings account standing in the woman's name. Because the account stood in her name she was presumed the owner and the claim was rejected. Concubines with respect to property rights, although under certain disabilities, in the interest of good morals, are not prevented from asserting claims arising out of business transactions between themselves, independent of the concubinage, but the claimant must produce strict and conclusive proof thereof before she can be afforded relief. Heatwole v. Stansbury, supra; Delamour v. Roger, 7 La.Ann. 152 (1852); Malady v. Malady, 25 La.Ann. 448 (1873); and Lagarde v. Dabon, et al., 155 La. 25, 98 So. 744 (1923).
Concubinage was the initial motive and purpose of Adell Chambers and T. L. Crawford in acquiring the property and consequently Adell Chambers can not recover any amounts expended during that relationship. It is conclusively established, however, that during the month of September, 1960, the illicit relationship ceased and payments on account of the property made after its discontinuance should be allowed. We find proof of such payments by the plaintiff of the following items:

 Payments made to the Peoples
 Homestead & Savings Association,
 September 28, 1960,
 through April 4, 1962 ...... $625.28
 Taxes for 1960, 1961 ....... 1.44
 Insurance Premiums .......... 30.42
 Materials and labor for
 plumbing repairs ............ 37.50
 _______
 Total $ 694.64

For the foregoing reasons the judgment is affirmed insofar as it rejects plaintiff's demands to be recognized as the owner of one-half of the property sought to be partitioned, and denies her demand for reimbursement of monies paid out prior to September 28, 1960. The judgment is reversed and set aside insofar as it rejects plaintiff's claim for monies paid out after September, 1960, and judgment is rendered in favor of Adell Chambers and against T. L. Crawford in the sum of Six Hundred *64 Ninety-Four and 64/100 ($694.64) Dollars, with legal interest from judicial demand until paid. It is further ordered that costs be assessed equally against appellant and appellee.