LOBRANO, Judge.
Decedent, Clarence Joseph Batiste, died on September 10, 1981. His second, but divorced wife, Elaine Handy Batiste, was duly appointed administratrix of his estate on December 16, 1981.
Subsequently she filed a formal proof of claim against the succession claiming that she was the owner of an undivided one-half interest in and to the estate of the decedent, including both movable and immovable property as well as a claim for administratrix fees.
Appellants, Carolyn Batiste Payne, Paulette Batiste Johnson, Lavon Batiste, Clarence J. Batiste, Jr., Ronald T. Batiste and Demetrius Batiste, the seven major children of decedent by a former marriage brought a rule opposing Elaine Handy Batiste’s proof of claim. This rule was tried together with a rule to test her surety, a rule for contempt against appellants and a rule to show cause why appellants should not be placed in possession of decedent’s estate. The trial court rendered judgment dismissing the rule for contempt, placing appellants in possession of certain movable assets of the succession already in their physical possession, continued the rule to test surety indefinitely and recognized Elaine Handy Batiste as a creditor of the estate in the amount of $9,325.00. In addition the lower court ruled that she was entitled to an administratrix fee of $1,375.00, and that the estate owed attorney fees of $3,300.00.
From this judgment, appellants assert to this court that Elaine Handy Batiste is not entitled to the sum of $9,325.00 but a lessor sum which they claim is between $1,200 and $1,500. Appellee, Elaine Handy Batiste filed a cross appeal asserting that she should be recognized as having a full one-half interest in the estate of decedent by reason of a seven year relationship with decedent as his common law wife and subsequently a one and one-half year relationship as his legal wife.
The issues presented to this Court are whether Elaine Handy Batiste is entitled to share in one-half of decedent’s estate because of a seven year common law relationship with him and whether she is a creditor of his estate to the extent awarded by the trial court.
Appellee claims that she lived with decedent from 1969 in a common law relationship until June of 1976 when they were legally married. They subsequently separated in October of 1978, and were divorced on November 26, 1980. Shortly thereafter, she reconciled with decedent, and again resided with him in a common law relationship until his death. Because of their relationship appellee argues that she is entitled to share in decedent’s estate in the same manner as his legally married spouse. In particular, she seeks one-half ownership in the residence located at 4535 Paris Avenue!
*489 The record is clear that the residence located at 4535 Paris Avenue was purchased solely by decedent prior to his marriage to appellee and is therefore his separate property. La. C. C. Arts. 2338 and 234-1. Further, appellee’s own testimony contradicts her assertion that decedent intended that she share ownership of the property. She testified that several separations both before and after the marriage occurred as a result of arguments over the fact that her name had not been included on the title to the property. Even if we assume arguendo that such an oral agreement had existed between appellee and decedent it would have been invalid. It is well settled in Louisiana law that no oral agreement between a man and a woman who cohabitate as husband and wife and agree to split property standing in the name of one of them is a valid contract. Heatwole v. Stansbury, 33 So.2d 196 (La.1947); Foshee v. Simkin, 174 So.2d 915 (La.App. 1st Cir.1965); Chambers v. Crawford, 150 So.2d 61 (La.App. 2nd Cir.1963); Gadlin v. Deggs, 23 So.2d 704 (Orl.Cir.1945). The recent ease of Blackledge v. Schwegmann, et al., 441 So.2d 316 (La.App. 5th Cir.1983); writs denied, 443 So.2d 1122 (La.1984), rejects the claim of a common law spouse seeking one-half of the assets acquired during her relationship with a decedent. We see no reason to differ from the views expressed therein.
The question of whether appellee is a creditor of the estate for the sum of $9,325.00 is a more difficult question to answer. The judgment does not define what debts comprise this amount or how it was arrived at. No oral or written reasons for judgment were given. Appellants assert that appellee is only entitled to reimbursement for certain sums she spent for repairs and improvements on the home at 4535 Paris Avenue, while appellee asserts she is entitled to reimbursement of all sums expended by her during her relationship with decedent.
Appellee introduced a number of checks and receipts for everyday household expenses which she paid out of her separate funds throughout her eight year common law relationship with decedent. By her own testimony, she and decedent shared equally in the running of the daily affairs of the household by dividing the bills between them. She paid certain expenses, he paid others, and they shared others. For these everyday living expenses we do not see any legal grounds for her recovery.
The record reflects that during the one and one-half years of marriage certain community funds were used for the improvement and maintenance of decedent’s separate property located at 4535 Paris Avenue. We compute those sums as follows:
July 6, 1976 Iron work $ 500.00
July 20, 1976 Iron work 110.00
Aug. 19,1976 Cement work 500.00
Sept. 24, 1976 Chandeliers 85.00
Sept. 24,1976 Pest control 12.00
Jan. 27, 1977 Neuter Seed Co. 45.00
Feb. 26,1977 Neuter Seed Co. 34.00
May 7,1977 Smith Florist 21.72
Total $1307.72
Of this amount, appellee is entitled to reimbursement of one half or $653.86. La. C.C.Art. 2366.
Appellee asserts that under former La.C.C.Art. 2408[1] she is entitled to one-half of the enhanced value of the Paris Avenue property from the date of her marriage until the date of the dissolution of the community. We disagree. Former Article 2408 only allows an award for the increased value of separate property of one of the spouses if it is proved that the increase was not due merely to “the ordinary course of things, the rise in the value *490 of property, or the chances of trade.” Ap-pellee produced no evidence to the effect that the increase was due in anyway to common labor, expenses or industry. See, Madere v. Madere, 310 So.2d 166 (La.App. 4th Cir.1975); writ denied 313 So.2d 835.
In addition to the $653.86 of community funds spent on decedent’s separate property, appellee is also entitled to one-half of the $5,600.00 of community funds used to pay the $200.00 per month mortgage note on the Paris Avenue residence from the date of marriage until the date of legal separation. Thus, appellee is entitled to reimbursement of an additional sum of $2,800.00. She is also entitled to the $146.46 paid for the name plate on decedent’s tomb.
As to the movables of the succession, appellee produced no evidence that either community funds or her separate funds were used to purchase, repair or improve any of the movable assets of the succession and therefore she is not entitled to any reimbursement or to be recognized as having any ownership interest therein.
Because of the complexities of this case we see no error in the lower court’s award of attorney fees and administratrix fees. Accordingly the judgment of the lower court is amended recognizing Elaine Handy Batiste as a creditor of the estate of Clarence Joseph Batiste in the amount of $3,453.86. In all other respects this judgment is affirmed.
AMENDED AND AS AMENDED AFFIRMED.

. Former Article 2408 of the Civil Code provided:
“When the separate propert of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one-half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary cause of things, to the rise in the value of property, or to the chances of trade."