JjPETERS, J.
This litigation involves the ownership of approximately eleven and one-half acres of immovable property located in Rapides Parish, Louisiana, and the basic facts are not in dispute. On February 9, 1945, Henry Fairrow purchased the property from Charles M. Roberts. The act of transfer stated that Mr. Fairrow was “married to and residing in community with Laura King.” This statement was not true. Although she was living with Mr. Fairrow on February 9, 1945, Ms. King was still married to Horace Marbs, whom she had married on June 21, 1924. In fact, Horace Marbs and Ms. King were not divorced until May 24,1956.
On February 7, 1956, Mr. Marbs filed a petition for divorce in Rapides Parish, asserting that he and Ms. King had lived separate and apart since February of 1929. He listed the children born of the marriage as James Marbs (born in 1925), Horace Marbs, Jr. (born in 1927), and Rosa Mae Marbs (born in 1929).[1] Ms. King was personally served with the petition and citation on February 10, 1956. When she failed to respond to the petition, Mr. Marbs caused a preliminary default to be *1236 entered. He confirmed that preliminary-default on May 24, 1956, and obtained a judgment of divorce against his former wife.
Sometime after the purchase of the property at issue, Mr. Fairrow and Ms. King dissolved their relationship. In 1963, Mr. Fairrow married Ora Dee Fairrow, and that marriage produced three children: Clementine Fairrow, Angela Fair-row,[2] and Eloise Ann Fairrow Parks.
| aHenry Fairrow died in 1968.[3] On June 15, 1999, Clementine Fairrow and Eloise Ann Fairrow Parks obtained a judgment of possession in their father’s succession recognizing them as his sole heirs and placing them in possession of the immovable property at issue in this litigation. They instituted the instant suit on July 28, 1999, asserting that the reference to Ms. King as their father’s wife creates a cloud on the title to the immovable property at issue. Thus, they sought a declaratory judgment to the effect that Ms. King’s heirs have no interest in the property. They named as defendants: (1) James E. Marves, Rosa Mae Marves’ son; (2) the absent and unknown heirs of Rosa Mae Marves; (3) the absent and unknown heirs of Freddie Marves, now deceased; and (4) James Marves.
James E. Marves and James Marves personally answered the petition. In their answer, they each identified the heirs of Horace F. “Freddie” Marves by name. Despite this identification, the curator appointed to represent his heirs answered the petition on behalf of “the absentee defendant, Freddie Marves.”[4] The record contains no responsive pleadings on behalf of the absent and unknown heirs of Rosa Mae Marves.
While numerous other legal steps were taken in the prosecution and defense of this matter, the appeals now before us arise from the trial court’s grant of summary judgments in favor of Ms. Fairrow and Ms. Parks, recognizing them as the sole owners of the immovable property at issue.
[sThe original motion for summary judgment filed by Ms. Fairrow and Ms. Parks sought relief against all of the defendants. However, when the motion first came to trial on August 5, 2002, the parties informed the trial court that James Marves had recently died and that no succession representative had been appointed for his estate. The trial court then severed the claim for relief against James Marves and, after considering the record and hearing the arguments of counsel, rendered judgment in favor of Ms. Fairrow and Ms. Parks and against all of the other defendants. The judgment signed by the trial court on September 13, 2002, states in part that “James E. Marves, the heirs of Rosa Mae Marves,[5] and the heirs of Freddie *1237 Marvesc[6] are hereby declared to have no interest in” the property at issue. James E. Marves timely appealed this judgment.
On November 4, 2002, Ms. Fairrow and Ms. Parks filed a second motion for summary judgment, naming the provisional administrator of the succession of James Marves as the party at interest in the motion. By court order signed February 25, 2003, James E. Marves, Edna Marves, Eddie Ray Marves, Jerrlean Marves, and Sims Marves were substituted as co-administrators in place of the original provisional administrator, Susan Fiser. After a February 24, 2003 trial of this motion for summary judgment, the trial court rendered judgment in favor of Ms. Fairrow and Ms. Parks and against the co-administrators, declaring that James Marves’ estate had no interest in the immovable property at issue. The trial court signed a judgment to this effect on March 6, 2003, and the co-administrators timely perfected this appeal. We 14have consolidated these appeals for consideration by this court.
OPINION
Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The movant bears the burden of proof. La.Code Civ.P. art 966(C)(2). “However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” Id.

Appeal of James E. Marves

The evidence available to the trial court at the August 5, 2002 hearing included the February 9,1945 credit sale deed in which Charles M. Roberts transferred the property at issue to “HENRY FAIRROW, married to and residing in community with Laura King.” Henry Fairrow signed the deed as vendee, thereby acknowledging the credit provisions contained therein. Laura King did not sign the deed and appeared nowhere on the deed as a co-vendee. The trial court also had before it the uncontroverted evidence that Ms. King was married to another man at the time Mr. Fairrow purchased the property.
Is As a matter of law, “[a] married person may not contract another marriage.” La. Civ.Code art. 88. Further, “[t]he legal regime of community of acquets and gains applies to spouses domiciled in this state.... ” La.Civ.Code art. 2334 (emphasis added). Thus, through the undisputed evidence, Ms. Fairrow and Ms. Parks established that their father was the sole purchaser of the property at issue and that he was not married to Ms. King at the time of the purchase. Therefore, based on those undisputed facts, as a matter of law Ms. Fairrow and Ms. Parks alone were *1238 entitled to be recognized as owners of the property. Accordingly, the trial court did not err in granting the September 13, 2002 summary judgment in favor of Ms. Fair-row and Ms. Parks.

Appeal of the Co-Administrators of the Succession of James Marves

Nevertheless, at the February 24, 2003 hearing, the co-administrators sought to create a material issue of fact so as to preclude summary judgment through the introduction of the affidavits of Joseph W. Marves, Bobbie Nell Phillips, and Boyd Williams. Specifically, in his affidavit, Joseph W. Marves asserted that he is a lifelong resident of Rapides Parish, that he knew Henry Fairrow and Laura King, that they lived together until her death and held themselves out as husband and wife, and that Ms. King worked the property by growing crops during the time she resided with Mr. Fairrow. Bobbie Nell Phillips’ affidavit added the assertion that Ms. King “worked during [the period she resided with Mr. Fairrow] outside of the home for her own income including employment at the Camp Clairborne [sic] Army Camp.” Mr. Williams’ affidavit included the following paragraphs:
3. I knew Laura King personally, I brought her and her children to work every night and picked them up every morning, in 1941. They were working at Army Camp Claiborne, located between what is now Forest Hill & Bringhurst.
Ir,4. I know that Laura King was living with Henry Fairrow whom [sic] was never employed at the time. The property they brought [sic] was Homestead exempt. I know that Laura King would go each year to sign the paper work. When her grandson James Marves became old enough, she would send him to the clerk[’]s office to sign the necessary paper work for her.
5. I know that the property on Robinson Road was purchased in 1945 which was during a time when only Ms. Laura King and her children, James Marves, Freddie Marves, and Rosie [sic] Mae Marves were working. Henry Fairrow never worked until 1949 or 1950 when he went to work for the Railroad.
Although these affidavits were submitted at only the February 24, 2003 hearing, it appears that both appeals currently before us rely on the assertions in the affidavits as establishing a genuine issue of material fact as to whether Ms. King made a contribution to the acquisition of the property through her own capital and industry.[7] In support, the defendants cite jurisprudence to the effect that, as a matter of law, concubines are not prevented from asserting certain property claims against their paramours. See Heatwole v. Stansbury, 212 La. 685, 690, 33 So.2d 196, 197 (1947) (holding that “concubines, although under certain disabilities, in the interest of good morals, are not prevented from asserting claims arising out of business transactions between themselves, independent of the concubinage”); Lagarde v. Dabon, 155 La. 25, 29, 98 So. 744, 745-46 (1923) (holding that “if a man and woman contract to carry on business together, their subsequent cohabitation does not destroy or lessen any right which she may have upon him for a remuneration for her services”); Succession of LeBlanc, 577 So.2d 105, 108 (La.App. 4 Cir.1991) (holding that “public policy does not prohibit a paramour and concubine from acquiring real property as co-vendees” but that “the *1239 acquisition must be independent of the Rconcubinage; that is, the concubine must show that her contribution to the acquisition was obtained through her own capital and industry”); LeDoux v. LeDoux, 534 So.2d 103, 106 (La.App. 3 Cir.1988) (holding that “there is no public policy or legal impediment to a paramour and a concubine acquiring real property as co-vendees, and that when the concubine’s name appears on the deed as a co-vendee there is a presumption that she is the owner of an undivided half interest”); Broadway v. Broadway, 417 So.2d 1272, 1276 (La.App. 1 Cir.) (holding that “if the concubine can furnish strict and conclusive proof that her capital and industry, obtained independent of the concubinage, contributed a full share to the acquisition of the subject property, then equity dictates she be declared a one-half owner”), writ denied, 422 So.2d 162 (La.1982).
“Material facts are those that determine the outcome of the legal dispute. In deciding whether certain facts are material to an action, we look to the applicable substantive law.” Cobb v. Delta Exps., Inc., 03-0033, p. 4 (La.App. 3 Cir. 6/4/03), 847 So.2d 739, 742 (citation omitted), writs denied, 03-1906, 03-1936 (La.10/31/03), 857 So.2d 483, 485. As set forth above, Ms. King did not sign the deed and nowhere on the deed did she appear as co-vendee; thus, there is no presumption that she owned an undivided one-half interest in the property. The deed itself shows that Mr. Fairrow acquired the property for $1,500.00, $1,100.00 of which was paid “cash in hand” with the remaining $400.00 to be paid in one installment due within six months of the date of the deed. Importantly, there is no evidence to show that Ms. King actually contributed to the acquisition of the property at issue through her own capital and industry. The defendants’ evidence merely supports that Ms. King worked outside of the home and earned income at the time of the purchase of the property and that |sMr. Fairrow was not working at the time of the purchase of the property. These premises, even if accepted as true, do not compel or even permit for that matter, without more, the conclusion that Ms. King had to have contributed to the acquisition of the property because she was the only one working at the time of the acquisition. Mr. Fairrow might have had other financial sources such as savings, investments, disability benefits, an inheritance, etc. One is left only to speculate. The fact that Ms. King worked outside of the home and earned income at the time of the purchase and the fact that Mr. Fairrow was not working at that time are simply not material facts because they are not determinative of the outcome of this dispute. Without more, these affidavits do not create a genuine issue of material fact so as to preclude summary judgment in favor of Ms. Fairrow and Ms. Parks. Thus, we find no error in the trial court’s March 6, 2003 grant of their motion for summary judgment.
DISPOSITION
For the foregoing reasons, we affirm the judgments below at the appellants’ cost.
AFFIRMED.
WOODARD, J., dissents and assigns written reasons.

. The record reflects that James Marbs and James Marves are one and the same person, as are Horace Marbs, Jr., and Horace F. "Freddie” Marves and Rosa Mae Marbs and Rosa Mae Marves. It appears that at some point after Horace Marbs and Laura King separated, the spelling of the surname of the three children changed from "Marbs” to "Marves.” The record contains no explanation for this change.

. Angela Fairrow apparently died at a young age. However, the record establishes only that at the time of her death, she left neither child nor spouse.

. While the record does not establish the dates of their deaths, there is no dispute that both Laura King and Ora Dee Fairrow are deceased.

. The initial pleadings filed by James E. Marves and James Marves assert that, at the time the litigation giving rise to this appeal was filed, Laura King, Rosa Mae Marves and Horace F. "Freddie” Marves had died. Rosa Mae Marves was survived by her son, James E. Marves. Horace F. "Freddie” Marves was survived by his children, Horace F. Marves, Jr., Sandra Marves, Cheryl Marves, and Lynn Marves.

.This reference is made despite the fact that the record clearly establishes that Rosa Mae Marves’ only heir is James E. Marves.

. The curator ad hoc who filed the original answer on behalf of Freddie Marves did not appear at the trial on the motion. However, subsequent to the trial, the curator ad hoc filed an answer to the motion for summary judgment wherein he voiced no opposition to the motion and agreed that Ms. Fairrow and Ms. Parks were entitled to judgment as a matter of law.

. Because we find that the evidence presented at the February 24, 2003 hearing was insufficient to create a genuine issue of materia] fact, we need not address whether the appeal of James E. Marves may properly rely on this evidence.