59 So.2d 389 (1952)
MANNING
v.
HARRELL.
No. 7823.
Court of Appeal of Louisiana, Second Circuit.
June 2, 1952.
W. T. Holloway, Jonesboro, for appellant.
Charles H. Morton, Jonesboro, for appellee.
GLADNEY, Judge.
Appellant, Etson Harrell, appeals from a judgment decreeing certain immovable and movable property to be owned in equal indivision by appellant and appellee, and further ordering that the deed of conveyance, through which plaintiff and defendant purchased the realty herein involved, be reformed to the extent of showing therein appellee's name as Josephine Manning in lieu of Josephine Harrell.
Error is said to be in the court's failure to sustain a plea of vagueness, an exception of no cause or right of action, and *390 its finding that the evidence produced by appellant was insufficient to show his contribution to the purchase price of the properties involved constituted practically the entire consideration therefor.
Some time in the year 1946 Etson Harrell left his home at Lake End, Louisiana, and moved to Jackson Parish, where he secured work in the paper mill located there. Shortly thereafter, he went to Boyce, Louisiana, and returned to Jackson Parish, bringing with him Josephine Manning. The two lived as man and wife until their separation in 1951. Among their neighbors and friends in the community they were considered married, and Josephine assumed the name of Harrell. Etson Harrell had with him three children of which Josephine was not the mother and Josephine had a child by another. It appears that either one or both were already lawfully married and consequently they lived in a state of adultery and concubinage. Etson Harrell was without education and could not read nor write his name. Josephine Harrell apparently attended to their banking, did most of the purchasing, and did all domestic duties.
On September 7, 1948, a deed was executed wherein Aron Davis sold to "Etson Harrell, and Josephine Harold (sic), married and living with each other undivorced, residents of Jackson Parish, Louisiana" a lot 50' X× 100', therein described, for a total consideration of $1,200, of which $350 was paid in cash, and the remainder was payable at the rate of $25 per month. On October 8, 1949, the two vendees above mentioned executed a mortgage upon the property purchased by them, in the amount of $500. Apparently this sum was borrowed by them for the purpose of completing the purchase of the property.
About four months prior to the trial of this case Josephine Manning left the place of residence and instituted this suit for the purpose of bringing about a partition of the property alleged to be owned jointly.
The trial court failed to pass upon the exception of no cause or right of action. The plea of vagueness was referred to the merits. Appellant has urged both exceptions anew in this court. The plea of vagueness is directed at plaintiff's failure to affirmatively allege the sources of her income and the amount which she contributed to the purchase price of the lot. There is no merit in the plea as it simply asks for evidence which would be expected to be adduced upon the trial of the case.
When plaintiff offered in evidence the certified copy of the deed there came into play Articles 2275 and 2276 of the Civil Code, which require every transfer of movable property to be in writing and prohibit the admission of parol evidence "against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since." Parol evidence, however, was properly admitted during the trial for the purpose of explaining the respective interests of the two vendees, upon which subject the deed is silent. Our jurisprudence recognizes that when property is acquired by several vendees and their specific shares are not stipulated in the act of conveyance a presumption arises that such interests shall be considered equal. This presumption is rebuttable to the extent that the court will decree ownership in proportion to the amount and consideration contributed by the respective vendees. See Walker v. S. L. Barrow, 43 La.Ann. 863, 9 So. 479. Civil Code Article 1481 provides:
"Those who have lived together in open concubinage are respectively incapable of making to each other, whether inter vivos or mortis causa, any donation of immovables; and if they make a donation of movables, it can not exceed one-tenth part of the whole value of their estate.
"Those who afterwards marry are excepted from this rule."
The Supreme Court in the Succession of Lannes, 187 La. 17, 174 So. 94, reviewed the jurisprudence interpreting this article and held that where parties have lived as husband and wife so that their friends, neighbors, acquaintances, tradespeople, and public regarded them as such, the living *391 in concubinage was not "open" but "secret" and the article was inapposite. The facts in the instant case disclose that Etson Harrell and Josephine Manning were regarded in the community of Jackson Parish, in which they lived, as none other than man and wife. It was not disclosed to the public that they were living in adultery and concubinage until this suit was filed. Consequently, the Succession of Lannes, supra, disposes of this issue raised by the exception of no cause or right of action. The decision has been referred to approvingly in Heatwole v. Stansbury, 1947, 212 La. 685, 33 So.2d 196 and Patin v. T. L. James & Company, Inc., La.App., 1949, 39 So.2d 177.
Upon the trial of the case, of necessity, most of the evidence as to contributions by each of the parties herein involved towards the purchase of immovable and movable property was given by parties to this suit. The testimony as given was conflicting and unsatisfactory. A careful review of the testimony leaves considerable doubt that appellant has proven he contributed the entire amount of purchase money. His statements to this effect are denied by plaintiff. Though it is true that Harrell had considerably more income than plaintiff her testimony as to steady employment as a domestic during the time when the property was paid for was corroborated. We do not think that Harrell has shown by a preponderance of the evidence that he is entitled to more than one-half of the property. The district judge who saw and heard the witnesses during the trial was, of course, in a far better position to pass upon the credibility of the testimony so presented than this court. We find no manifest error in his findings, and, therefore, we are of the opinion that the judgment appealed from should be affirmed.
It is, therefore, ordered, adjudged and decreed that there be judgment herein in favor of the said plaintiff and against the said defendant recognizing the plaintiff and defendant as the owners in indivision of the following described real property located and situated in Jackson Parish, Louisiana, to-wit:
"Beginning 140 yards east of the SW corner of the NE¼ of NE¼, Section 31, Twp. 15 North, Range 3 West, and run north 140 yards, thence east 250 feet for a starting point, thence run south 100 feet, thence east 50 feet, thence north 100 feet, thence west 50 feet to the starting point, together with all improvements located thereon and appurtenances thereunto belonging in the proportions of one-half (½) undivided interest each."
It is further ordered, adjudged and decreed that there be judgment herein in favor of the said plaintiff and against the said defendant recognizing the plaintiff and defendant as the co-owners in the proportion of one-half (½) undivided interest each of the following described movable property, to-wit:
"3 bedroom suites,
4 mattresses,
1 sewing machine,
2 radios."
It is further ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff and against the defendant decreeing a partition by licitation of the hereinabove described property, both real and personal, said sale to be made by the Honorable H. P. McBride, Sheriff of Jackson Parish, to the last and highest bidder for cash, without the benefit of appraisement; that all parties hereto be referred to the Honorable E. H. Ayres, Clerk of Court and ex-Officio Notary Public in and for Jackson Parish, Louisiana, for the purpose of completing said partition.
It is further ordered that all court costs, including costs of appeal and such costs as may result from effecting the partition be assessed against and taken from the mass.
McINNIS, Judge ad hoc., sitting.
KENNON, J., not participating.