MOISE, Justice.
The district court rendered judgment against the plaintiff, and she now prosecutes this appeal. The issue as joined is-as follows:
Plaintiff sought to be declared the owner of a one-half interest in certain real estate listed among the assets of the succession of Clarence Sparrow. The relationship of plaintiff and Clarence Sparrow is admitted to have been that of concubine and paramour. Plaintiff’s claim is based on an alleged partnership existing between her and the decedent. In the alternative, she prayed for $9,096, for services rendered.
The collateral relations of the deceased filed an exception of no legal right or cause of action to plaintiff’s petition, which was referred to the merits.
The evidence shows that the decedent and the plaintiff commenced living togeth-' er in 1936, the motivated cause being con-' *969 cubinage. Their concubinage was open and notorious. At that time, the decedent was employed by the United States Coast Guard. He also owned a small tract of land and did some truck farming. The concubine took in washing. Two years thereafter, the deceased purchased, in his name, a lot in the Parish of East Baton Rouge; and, in 1942 he purchased a second tract of land. From 1944 to 1947 plaintiff and the decedent engaged in the practice of photography. From this business, it is said that they accumulated $2,000. In 1947 they built a grocery store on the property, which the paramour had purchased, and opened it for business. Both parties worked in the store. In 1949 the grocery store was converted into a beer parlor and restaurant. Both parties worked in the business, and two of decedent’s nieces were employed therein on a salary basis. The decedent’s brother helped on weekends. Other improvements were added to the real estate, and they were rented to tenants as living quarters. A fair revenue was obtained from these establishments.
In 1951 Clarence Sparrow became ill and was confined to his bed intermittently, until his death in 1953. During a part of this time Amelia worked in the business, and then closed it to nurse the decedent.
We agree with the trial judge that the evidence does show that plaintiff assisted the decedent, and worked together with his salaried employees.
The question 'posed for decision is: What are Amelia’s rights, if any, when the facts are applied to the law ?
The facts show that the motive for the relationship of the parties was concubinage. Plaintiff testified that she had $100, but the evidence does not disclose that she invested this sum in any of the property herein involved.
Article 2804 of the LSA-Civil Code provides that:
“All partnerships are null and void which are formed for any purpose forbidden by law or good morals. ‡ % »
There could have been no legal partnership existing between the decedent’ and Amelia, because their going to live together was for a purpose forbidden by law.
Plaintiff has cited cases to the effect that where the concubine has made an actual contribution to the assets of the succession, and the concubinage was merely an incident to the parties’ living together, the concubine is entitled to recover a part of such assets. They are distinguishable from the present controversy.
1. In Delamour v. Roger, 7 La.Ann. 152, the doctrine of equitable ownership' was upheld, but there the court found that the concubinage was merely an incident of a business to which the plaintiff concubine had contributed capital.
*971 2. In ’ Málády v. Malady, 25 La.Ann. 448, the concubine proved that she contributed a large amount of the capital employed to'buy real estate, and the property was all bought in her name.
3. In Lagarde v. Dabon, 155 La. 25, 98 So. 744, this court merely permitted the concubine to recover money which she had advanced.
The case of Simpson v. Normand, 51 La.Ann. 1355, 26 So. 266, and authorities therein cited, lays the predicate in holding that where the initial motive and purpose for a paramour and concubine coming together was concubinage, and such relationship continues, the concubine is not entitled to recover assets of the joint en-. tjty- on the theory of partnership. The syllabus of that case correctly states that:
“When the taint [concubinage] exists, it affects fatally, in all its parts, the entire body of the -claim.” See also, Viens v. Brickle, 8 Mart.(O.S.) and Succession of Pereuilhet, 23 La.Ann. 294.
Here no reasonable conclusion can. be reached from the evidence, except that the motives and purposes of plaintiff and deceased, from the very beginning, were that of concubinage-. Such being the case, we are in duty bound to decide against the plaintiff.
Judgment affirmed at plaintiff’s .cost.
HAMITER, J., dissents with' written reasons.
SIMON, J., dissents.
HAWTPIORNE, J., absent.