LOTTINGER, Judge.
This is a suit by petitioner, Mary Guerin, in which she claims certain interests in partnership and business ventures which she allegedly carried on with defendants, Ivy J. Bonaventure, and John L. Stelly. The suit was dismissed on an exception of no right of action, and the petitioner has taken this appeal.
The petition allegés that petitioner, together with Ivy J. Bonaventure and John L. Stelly, are the owners of a- commercial partnership doing business under the name of L&M Company, She claims ownership of a twenty-five (25%) per cent interest therein. She further contends that she owns a 25% interest in a partnership doing business under the name of Stockyard Steak PJouse. Both of said partnerships are verbal, no written articles of partnership having been shown.
Thus declaring herself as owner of 25% of the said businesses, the petitioner caused a writ of judicial sequestration to be issued against said businesses, under which all assets thereof were seized by the sheriff. She also seeks to be declared the owner of 25% of all assets of said partnerships.
. The defendant, Ivy J. Bonaventure, first filed a motion to, dissolve the writ of sequestration, alleging therein that he and *477 the petitioner had lived in open concubinage, from the year. 1945 until the time of the filing of this suit, and that all property claimed by petitioner was purchased by. money furnished by said defendant because of said concubinage. ; The defendant further filed an exception of no right of action again alleging the relationship between he and petitioner, and further claiming that petitioner never contributed any funds or assets to the said business ventures.
Following hearing on the exceptions, the Lower Court rendered a judgment thereon maintaining the exception of Ivy J. Bonaventure and dismissing the suit as against both defendants, and further dissolving the writ of sequestration.
Although the Lower Court did not cite any law or jurisprudence upon which its decision was'based, said judgment was apparently based on 'Article 2804 of the Louisiana Civil Code and the cases decided thereunder. Said article provides as follows :
“All partnerships are null and void which are formed for any purpose forbidden by law or good morals. But all the partners in such a partnership are liable in solido; to third persons who may contract with them without a knowledge of the illegal or. immoral object of the partnership.
Editorial Comment. R.S. 9:3401 (Acts 1918, No. 248, § 1) makes it a prerequisite to carrying on a partnership business that the partners execute a certificate listing the name of each partner, his residence, the name of the firm, the term of the partnership's duration and the locality of the place of business. This certificate is to be filed in the office of registry for conveyances.
R.S. 51:281 (Acts 1918,' No. 64; § 1;• Acts 1926, No. 302, § 2) requires as a condition prerequisite to conducting business under an assumed name .that the parties at in-. terest "execute a certificate to be filed in thq, of fice, of record for. conveyances seU, ting forth the name of the business, the real names of the -parties at interest execute a certificate, to be filed in the office of record for conveyances, setting forth the name of the business the real names of the parties at interest and the address of such persons.”
In Sparrow v. Sparrow, 231 La. 966, 93 So.2d 232, the Supreme' Court, in which.' there were two dissents and one member' absent, held that a concubine has no right to recover any assets of a joint entity under a' theory of partnership because the initial motive for the parties coming together was concubinage. In dissenting, Justice Hami-ter said: “Undoubtedly, the contributions máde by plaintiff toward the accumulation of the assets in question were rendered in business transactions and enterprises in-. dependent of the concubinate relationship. This being true I am of the opinion that she is. entitled to a one-half interest in the property acquired in decedent’s name.- Delamour v. Roger, 7 La.Ann. 152; Malady v. Malady, 25 La.Ann. 448; Prieto v. Succession of Prieto, 165 La. 710, 115 So. 911; Heatwole v. Stansbury, 212 La. 685, 33 So.2d 196; annotation at page 1297 of 31 A.L.R.2d.” ,
Subsequently,.in Jackson v. Hampton, La. App., 153 So.2d 187, citing Heatwole v. Stansbury (supra) the Court said:
“It ‘ is ■ established ■ that concubines, although under certain disabilities- in the interest of good morals, are not prevented from asserting claims arising out of business transactions between themselves, independent of the concubinage. But the claimant must’ produce strict and conclusive- proof before he can be afforded relief.” ' ' ' ■ _
Tulane Law Review, Vol. 32, p, 127, in questioning the majority opinion in Sparrow v. Sparrow (supra) said:
“If, however, services tendered • b.y. ¡the concubine ,in.business by the parties are. distinguishable-from-services rendered in *478 the capacity of concubine, the claimant should be' entitled to compensation for those services regardless of the original motive in coming together.”
The evidence adduced upon hearing of the exception of no right of action indicates that the petitioner and Bonaventure lived together several times during the period from 1947 until shortly before the filing of the suit. She inherited money from her mother, and received funds from the dissolution of the community between herself and her husband, which were apparently invested in the business conducted by herself and defendants. For the years 1963 and 1964 the partnership returns for the L&M Amusement Company and the Stockyard Steakhouse show the owners thereof to be John L. Stelly and Mary C. Bonaventure. The checks drawn on the L&M Amusement Company were signed jointly by petitioner and defendant Stelly. Petitioner performed other services for the various enterprises.
While we do not condone the immoral and reprehensible relationship which existed between petitioner and defendant Bonaventure, we do feel that the pleadings and evidence disclose a right of action. Furthermore, the exception of no right of action was filed only by defendant Bonaventure, and the Lower Court, in maintaining the exception, dismissed petitioner’s action as against both defendants, although no immoral relationship was shown between petitioner and defendant Stelly.
We are of the opinion that a right of action is shown herein by petitioner. She is entitled to her day in court to show, upon trial of the merits, whether she is entitled to the rights claimed. Only then may justice be done.
For the reasons assigned, the judgment of the Lower Court is reversed, and there is judgment herein in favor of petitioner and against defendants dismissing the exception of no right of action, reinstating the writ of sequestration, and remanding this matter to the Lower Court for trial on the merits.
Judgment reversed and remanded.
LEAR, J., recused.