220 So.2d 745 (1969)
Eddie Smith KELLER, Plaintiff-Appellant,
v.
Jim KELLER, Defendant-Appellee.
No. 7591.
Court of Appeal of Louisiana, First Circuit.
March 10, 1969.
Rehearing Denied April 14, 1969.
*747 Cashio & Cashio, Baton Rouge, for appellant.
Ralph Brewer, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and MARCUS, JJ.
SARTAIN, Judge.
Plaintiff, Eddie Smith Keller, alleging that she is the former wife of Jim Keller instituted this action to effect a partition by licitation of certain real estate acquired during the existence of her marriage to the defendant.
The defendant answered by alleging that the marriage between himself and the plaintiff was decreed a nullity by the Family Court for the Parish of East Baton Rouge on August 31, 1960 on the grounds that plaintiff had previously entered into two prior marriages which were not dissolved at the time of her marriage to defendant on December 12, 1949.
The trial judge found as a matter of fact that plaintiff was in bad faith at the time she entered into a marriage contract with defendant. Accordingly, he determined that no civil effects could flow from such a marriage and denied her prayer for partition by licitation. However, the trial judge awarded plaintiff the sum of $375.00 which amounted to "* * * one-half of the purchase price of the property which the court believes represents her share of the industry that she put into the property at the time that she and the defendant purchased the same."
Plaintiff's attorney filed a motion for a new trial on the grounds that when he explained to her that she lost her law suit because she was not in good faith, plaintiff then explained to him that the defendant was not in good faith either because at the time of their marriage he was also married to another person. When the motion for a new trial was heard documentary evidence was offered purporting to show that defendant was indeed married at the time of his marriage to plaintiff and that he too was in bad faith. The trial judge denied plaintiff's motion for a new trial on the grounds that the evidence offered in support thereof could have been discovered by the exercise of due diligence. The record indicates that the instant action was initially instituted on September 22, 1960 and tried on the merits on January 11, 1968. The documentary evidence offered in support of plaintiff's motion for a new trial consists of a marriage license between defendant and his former wife and a suit for a divorce between defendant and his formr wife together with an affidavit that the divorce proceedings were never concluded. The trial judge in our opinion rightly concluded that the evidence offered in support of a new trial was available to plaintiff throughout the entire period of some eight years that this matter lingered on in litigation. As a matter of fact plaintiff testifying under cross examination during the course of the hearing stated that the defendant married her in Mississippi because he could not legally do so in Louisiana. This testimony obviously went unnoticed by counsel for plaintiff. In any event the trial judge did not abuse his discretion when he stated that plaintiff's counsel had an opportunity for eight years to acquaint himself with the facts of this case and did not and that in view of the aforementioned circumstances that the matter should not be reopened.
Plaintiff timely filed for and was granted an appeal. The application for appeal and the order granting the same are regular in form and indicate that it was a routine appeal on the merits.
However, in brief before this court (which was filed just before argument) plaintiff urged that the sole issue before the court was the propriety vel non of the trial judge's refusal to grant a rehearing.
*748 Our jurisprudence is well settled to the effect that there is no appeal from an order refusing to grant a new trial or a rehearing. General Motors Acceptance Corp. v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 and State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481. Our jurisprudence is also well settled to the effect that any relief which may be available to an appellant which is not urged in brief or oral argument before the appellate court is deemed waived and abandoned and will not be considered by the court on its own volition. Fidelity National Bank of Baton Rouge v. Central Manufacturers Mutual Ins. Co., La.App., 48 So.2d 668; Bradford v. Brown, La.App., 199 So.2d 414; Elliott v. Police Jury of Evangeline Parish, 15 La.App. 542, 132 So. 368. Accordingly, we hold that the sole and remaining issue presented to us for resolution are those matters raised by appellee in his answer to the appeal, namely: (1) the granting of a judgment in favor of plaintiff in the amount of $375.00 and (2) the refusal of the trial judge to award defendant damages as prayed for.
Frankly, we find that it makes little difference in plaintiff's legal position whether a new trial was granted or not because the alleged bad faith on the defendant would not enhance plaintiff's position for the reason that having determined a wife is in bad faith, she has no greater rights in the property accumulated during the existence of the purported marriage than does a concubine. Assuming that the husband is also in bad faith he is treated as a paramour.
The finding of fact by the trial judge that Eddie Smith Keller was in bad faith at the time of her marriage to defendant, Jim Keller, is fully supported by the evidence and this finding of fact is affirmed by us. However, we must disagree with the result reached by the trial judge in his application of the law to these facts.
The trial judge awarded plaintiff the sum of $375.00 on the grounds that this sum represented "her fair share of the industry she put into the property" which in effect is to say that the judge permitted her to recover for the physical labor she exerted in assisting defendant in tending the fields, growing vegetables and chopping cotton.
Plaintiff and defendant were married in Mississippi on December 12, 1949. Very shortly thereafter they moved to the Parish of East Baton Rouge and occupied property that was previously acquired and owned separately by defendant.
The deed of the property which is the subject of this litigation was executed on September 27, 1952 and reflects that one Israel S. Powell conveyed to Jim Keller and Mrs. Eddie Keller, husband and wife, five lots in a subdivision in East Baton Rouge Parish known as Zion City. On these five lots were situated two residential structures. It is undisputed that about a year before the date of acquisition plaintiff and defendant entered into a purchase agreement for these lots, that they paid $300.00 down and the balance in monthly installments of $25.00. Title to the property was not vested in plaintiff and defendant until the full purchase price of $750.00 had been paid.
Located to the rear of these lots are some ten acres of land which defendant rented for the purpose of farming. It is undisputed that he and plaintiff worked this property together. Plaintiff claims that as a result of their common labor three bales of cotton were sold which provided the proceeds for the down payment of $300.00 and that the monthly payments of $25.00 were accomplished through their continued joint efforts and the sale of crops grown on the ten acres. She also stated that her older son was in the service at the time and sent her an allotment of $30.00 per month out of which she made certain monthly payments.
*749 Defendant argues that when he left Mississippi he had $500.00 in cash. He stated that the down payment was obtained from a loan he obtained from a local finance company. He also claims that the monthly payments that followed were the result of outside employment on his part because the farming of the ten acres was a losing proposition. In addition, he asserts that he received an insurance check when a residence on the separately owned property was destroyed by fire.
The evidence is conflicting as to the times and dates of when plaintiff and defendant first moved upon the subject property, exactly when defendant engaged in other outside work, when he received his insurance check, and his expenditure thereof.
We believe that the trial judge is correct when he stated that the property now sought to be partitioned was acquired by plaintiff and defendant through their joint labors by working in the fields and outside employment by defendant. The record does not support the conclusion that any substantial portion of the $30.00 per month received by plaintiff from her son who was in the service was applied to the purchase price. Her son did not enter the service until April of 1962 and this property was fully paid for by September 27, 1952.
The trial judge's decision in effect was a repayment to plaintiff for her physical efforts and not as reimbursement for specific funds obtained from sources outside of her bad faith relationship with the defendant.
The law with respect to the rights of a concubine (which we equate to a wife in a bad faith marriage) has been clearly set forth in Sparrow v. Sparrow, 231 La. 966, 93 So.2d 232 (1957); Jackson v. Hampton, La.App., 134 So.2d 114, and a very recent case by this court, Guerin v. Bonaventure, 212 So.2d 459 (1968).
In Sparrow v. Sparrow, supra, the Supreme Court stated that where the initial motive and purpose for a paramour and concubine coming together is one of concubinage, and such relationship continues, the concubine is not entitled to recover assets of the joint entity on the theory of partnership. Civil Code Article 2804. This case is applicable to the matter at bar because plaintiff was in bad faith and the result of her common efforts with defendant was the purchase of the property which is the subject of this law suit. The Sparrow case cites Simpson v. Normand, 51 La.Ann. 1355, 26 So. 266, which quotes with approval the earlier case of Viens v. Brickle, 8 Mart.(O.S.) 11, and the Succession of Pereuilhet, 23 La.Ann. 294, which stated:
"When the taint (concubinage) exists, it affects fatally, in all its parts, the entire body of the claim."
The dissent in Sparrow is based on the cases holding that a paramour is entitled to one-half interest in the property acquired as a result of "business transactions and enterprises independent of the concubinage relationship".
In Jackson v. Hampton, supra, we have a situation very similar to the one at hand in that there defendant and her "husband" were living in open concubinage and acquired three separate pieces of real property. Two of the deeds showed them both as vendees and husband and wife. The third deed showed that the paramour was the only named vendee but that he was married to the defendant. The trial court sustained the concubine's exception of no cause or right of action to the deceased paramour's heirs' petition claiming to be recognized as the sole and only heirs of the paramour on the grounds that the suit was an attempt to establish title in plaintiff's ancestor, the paramour, by parol evidence and was also an attempt to vary a written instrument by parole evidence. The Court of Appeal for the Second Circuit reversed and remanded at 134 So.2d 114, 116 stated:
"In the absence of a marital partnership, the deeds purporting to transfer the property to such non-existent entity are of no *750 avail to one claiming an interest therein as a co-partner. Therefore, the rules established by our jurisprudence relative to the establishment of claims to property by concubines and paramours apply. We do not deem it necessary to discuss this question in any great detail. As it relates to the problem at hand, we simply state that concubines, although under certain disabilities in the interests of good morals, are not, ipso facto, prevented from asserting claims arising out of business transactions with their paramours which were independent of the concubinage or meretricious relationships; but the claimant must produce strict and conclusive proof before she can be afforded relief. Delamour v. Roger, 1852, 7 La. Ann. 152; Succession of Llula, 1892, 44 La.Ann. 61, 10 So. 406; Prieto v. Succession of Prieto, 1928, 165 La. 710, 115 So. 911; Heatwole v. Stansbury, 1947, 212 La. 685, 33 So.2d 196; Sims v. Matassa, La.App. 1 Cir., 1941, 200 So. 666. Therefore, any rights the defendant might have to the property could only be successfully asserted by proof of facts and circumstances bringing her within a favorable situation under the various rules delineated in the cases cited above, in which case it would be a matter of special defense and could only be asserted on the merits."
In Guerin v. Bonaventure, supra, the concubine attempted to be recognized as the owner of one-half of her paramour's interest in certain business enterprises. This case is cited for its comprehensive review and analysis of the jurisprudence of this state on the subject of the rights of a concubine. The facts there are not entirely analogous to the situation in the case at bar because the paramour was in effect married and his earnings (though he was not living with his wife) formed a part of the corpus of the community of acquets and gains still in existence between the paramour and his lawful wife.
A perusal of these authorities clearly show that a concubine or a wife in bad faith in a putative marriage may recover only those funds that she has contributed to the actual purchase of assets which she now claims to be an owner in indivision with her paramour or "husband". There are two rules that burden her endeavor, namely: (1) the source of the funds which she contends were applied to the joint effort must be obtained independently of the concubinage or her common endeavor with the putative husband and, (2) she must produce strict and conclusive proof of the source of the funds before she can be afforded relief.
In Chambers v. Crawford, 150 So.2d 61 (2d La.App.) the deed was in the name of Crawford, "a married man whose wife is Adell Chambers". The couple had resided together without benefit of marriage. On their separation the "wife" endeavored to be recognized as the owner of one-half of the property. She was held to have failed to meet the test of strict proof of individual payments by her towards the purchase price of the property and was permitted to recover only the sums expended by her following the termination of the previous illicit relationship between her and her "husband".
We are cognizant of the fact that our jurisprudence does recognize that in some cases a concubine is entitled to recover one-half of sums expended for the restoration and preservation of property owned by the paramour. However, these cases are based on facts not found in the instant case.
Now with respect to defendant's claim for damages the record does show that for eight years he was subject to a preliminary injunction which prevented his sale of the subject property. However, the record does not support any finding that he exerted any greater effort than the plaintiff to have the rights of plaintiff and himself adjudicated any more expeditiously than they were. From the record we can assume that the long delay in bringing this matter to a conclusion fell just as much his fault as that of the plaintiff thus permitting *751 the injunction to remain in effect as long as it did.
Accordingly, for the above and foregoing reasons the decree of the judgment of the district court awarding plaintiff the sum of $375.00 is reversed and set aside, in all other respects the judgment is affirmed. Plaintiff and defendant are to bear jointly the costs of this appeal.
Reversed in part, affirmed in part.