BOLIN, Judge.
This is a suit for partition by licitation of real property and household furniture located in Shreveport, Louisiana. The lower court granted the partition recognizing Bobby Mosby as owner of one-fourth interest in the property in indivisión with the named defendants and ordering a partition sale of the assets and distribution of the proceeds.
In September, 1956, Lot Eighty-Two of Patzman Subdivision, Shreveport, was sold to Bobby Mosby, husband of Mary Bell Bennett Mosby, and Henry M. Jones, husband of Mattie Thomas Jones, for a recited consideration of $5,900.00 cash, which was paid in the following manner: $950 cash and two mortgages totaling $5000. It is conceded that Mary Bell and Bobby Mosby moved into and shared the home with Mr. and Mrs. Jones from 1956 until March, 1965, when the Mosbys were separated. A judgment of separation was granted Mary Bell Mosby on March 30, 1967. Plaintiff does not dispute the fact- that he paid none of the original down payment of $950. The admitted purpose of the joint purchase and subsequent sharing of the home was in order that Mr. and Mrs. Jones might qualify for a loan by reason of having Mosby, a working person, as co-owner. Mrs. Jones was the mother of Mrs. Mosby. The arrangement was that Mosby would pay $21 and the Joneses $42 per month to make up the monthly mortgage payments of $63. The evidence is conflicting as to whether Mosby did in fact pay his share during the entire period the mortgages were in existence. Both Mr. and Mrs. Jones are deceased and their heirs have been substituted as defendants, including Mary Bell Mosby from whom plaintiff is divorced.
Defendants concede the correctness of the judgment insofar as it recognizes Mos-by as owner of one-fourth of the real property, but they appeal, seeking reversal of that part of the judgment denying them reimbursement for one-half of the money expended by Henry and Mattie Jones in excess of that expended by Mosby for improvements, down payment and other enumerated expenditures.
The sole issue on appeal is whether the proof establishes Mosby should be required to pay a proportionate share of sums advanced by Mr. and Mrs. Jones as down payment on the lot on which the house was situated; payments on the mortgages in excess of Mosby’s payments; payments on the paving lien and on insurance premiums. Additionally, defendants claim Mosby is not entitled to share in proceeds from the sale of a washing machine, a refrigerator and end tables which were ordered sold.
Appellee contends all claims against Bobby Mosby were properly denied, citing in support the case of Manning v. Harrell (La.App. 2 Cir. 1952)., 59 So.2d 389, which was also a suit for partition. That case held where property is acquired by several vendees, without specifying in the conveyance how the shares are to be owned, a presumption arises that the interests shall be considered equal. Parol evidence was held to be admissible for the purpose of showing the amounts contributed by the respective vendees, but the court concluded *32 the evidence there introduced was insufficient to rebut the presumption of equal ownership.
Since both appellee and appellants concede the lower court properly decreed Mosby to be owner of an undivided one-fourth interest, the question presented in Manning is not before us. In this case evidence is being considered for the purpose of determining in indebtedness in order to properly disburse the funds following the partition sale.
The record fails to establish with preciseness amounts contributed by the various parties in payment of the paving lien and insurance so as to allow a calculation of any sums for which Mosby might be liable to reimburse the heirs for these expenditures. Consequently, we conclude the trial judge correctly denied recovery for these items. On the other hand, the exhibits and testimony do show the refrigerator and washing machine were purchased and paid for by Mrs. Mattie Jones before her death and plaintiff is not entitled to any portion of the proceeds from their sale.
Since testimony as to the payment by the Joneses of the $950 down payment is uncontradicted, plaintiffs in reconvention are entitled to reimbursement from Mosby of one-half of this sum, or $475, from the proceeds of the sale of the property.
Mary Bell Mosby was granted a legal separation from Bobby on March 30, 1967. The testimony of Bobby Mosby, coupled with that of the other witnesses, establishes Mosby contributed no more than $21 a month for 102 months on the mortgages, or $2142. This computation is made by giving Bobby Mosby credit for contributing his share of the payments from October 1, 1956, through March, 1965, without deduction for the two years appellants claim he was out of work and unable to make these payments. No credit is being allowed Mosby for the $20 a month paid to Mary Bell Mosby from the date of the actual separation until the date of the judgment of separation which we find was paid for the support of his wife.
The evidence establishes a total of $7,-306.47 was paid on the mortgages. Since the community of acquets and gains existing between the Mosbys was not terminated itntil March, 1967, more than a year after the mortgages were paid, Bobby Mosby was responsible for one-half of these payments, or $3,653.24. Adding to this the $475 due on the down payment makes a total of $4128.24 and deducting $2142 therefrom leaves a balance due of $1986.24.
For the foregoing reasons the judgment of the lower court is amended by ordering and directing that the proceeds from the sale of the washing machine and refrigerator be paid to the heirs of Mattie Jones. The judgment is further amended by condemning appellee, Bobby Mosby, to be indebted to the heirs of Henry Jones and the heirs of Mattie Jones for the sum of $1986.-24, which sum is hereby directed to be paid by preference and priority from the proceeds of the sale of appellee’s interest in the property partitioned.
In all other respects the judgment appealed from is affirmed, appellee to pay the cost of this appeal.