292 So.2d 357 (1974)
Nathan TUCKER, Jr., et al.
v.
Gertrude Williams JOSEPH.
No. 9700.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
Ronald A. Curet, Hammond, for appellants.
*358 Leslie D. Ligon, Jr., Clinton, for Nathan Tucker, Jr.
A. C. Powell, III, Hammond, for Edna Mae Tucker and Ruby Tucker.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
BLANCHE, Judge.
This is a suspensive appeal by defendant, Gertrude Williams Joseph, from a judgment ordering a partition by licitation of a piece of immovable property located in Tangipahoa Parish, Louisiana. This property was acquired by Gertrude Williams Joseph and Carrie Anderson from Rener Seymore King by credit deed dated May 31, 1960. At issue is the marital status of the co-owner, Carrie Anderson, who died in 1963, while domiciled in Tangipahoa Parish, Louisiana.
Relative to the co-owner, Carrie Anderson, the deed contains the following recitation:
"* * * the property herein conveyed unto * * *. And Carrie Anderson, once married, then to W. M. Anderson, now residing with him.
"This property herein described being purchased with their own separate, personal and paraphernal funds, to be under their separate administration and control and for the reinvestment of the same." (Defendant Exhibit-1)
This partition proceeding was instituted by the heirs of Carrie Tucker Washington, who admittedly is the same person as the "Carrie Anderson" referred to in the credit deed, plaintiffs being the surviving lawful siblings or the children of predeceased siblings of Carrie Tucker Washington. Defendant-appellant argues in opposition to the petition for partition by licitation that plaintiffs inherited nothing since the property in question was community property. The trial judge rendered judgment in favor of plaintiffs, and we affirm.
The pivotal issue concerns the marital status of Carrie Tucker. The trial judge correctly concluded that Carrie Tucker was lawfully married to Willie Washington in Amite County, Mississippi, on August 18, 1919. Carrie Tucker gave birth to no children and her parents predeceased her. The evidence shows that Carrie Tucker did leave her lawful husband, Willie Washington, and subsequently cohabited with defendant's father, Willie Williams, also known as Willie Anderson. The trial judge likewise correctly found and held that Willie Williams (Willie Anderson) was lawfully married to one Lena Thompson in 1907. Defendant-appellant contends that the documentary evidence introduced in this connection consists only of an Amite County, Mississippi, marriage license which contains no marriage certificate. We attach no significance to this omission in the documentary evidence in view of the testimony of Willie Williams (Anderson) that he did, in fact, marry Lena Thompson in Mississippi.
The question then becomes whether Carrie Tucker, admittedly lawfully married to Willie Washington, could possibly have validly contracted a subsequent marriage to Willie Williams (Anderson), or alternatively whether a putative community could possibly be deemed to exist. Both questions must be answered in the negative.
The evidence utterly fails to establish any basis for a dissolution of the lawful marriage of Carrie Tucker to Willie Washington. There is no evidence indicating that this marriage terminated in divorce. There is also no evidence to support the contention of defendant-appellant that this marriage terminated by the death of Willie Washington prior to the alleged *359 contraction of a marriage between Carrie Tucker and Willie Williams (Anderson) in 1933 in Liberty, Mississippi. Accordingly, the alleged marriage of Carrie Tucker to Willie Williams (Anderson), supported only by the self-serving testimony of Willie Williams (Anderson) and unsupported by any documentary evidence, cannot be recognized or given any efficacy.
Nor does the evidence support any justification for concluding that a putative community could have been established, inasmuch as the evidence discloses an absence of good faith on the part of both cohabiting parties, Carrie Tucker and Willie Williams (Anderson). On the contrary, the evidence clearly shows that Willie Williams (Anderson) was well aware of the fact that Carrie Tucker was lawfully married to Willie Washington, and that this marriage had not been terminated either by divorce or death. Moreover, the evidence, including the judicial admission by Willie Williams (Anderson), confirms that he was married to Lena Thompson, of which marriage defendant-appellant was born. Defendant-appellant testified that Carrie Tucker was the reason for the termination of the continued living together of her father and mother.
Defendant-appellant further testified that she did not know whether her father Willie Williams (Anderson) ever married Carrie Tucker, which testimony gives rise to the reasonable inference and conclusion that no such marriage was contracted between Carrie Tucker and Willie Williams (Anderson), since had such a marriage been contracted, in all probability Willie Williams (Anderson) would have, at some point in time, advised his daughter to that effect.
The record also contains the testimony of plaintiff, Henry Tucker, to the effect that defendant, Willie Williams (Anderson)[1] admitted to Henry Tucker after the filing of this suit that he had not been married to plaintiff's sister, Carrie Tucker.
This Court must conclude from a review of all of the evidence that the requisite good faith in order to establish a putative community was lacking herein, with the result that this alternative defense by defendant-appellant must fail.
Defendant-appellant also urges that the trial court erred in admitting parol evidence to vary the statement contained in the credit deed signed by Carrie Tucker (Carrie Anderson) that she was once married and then to W. M. Anderson. We find no merit to this specification of error, for the reason that clearly the plaintiffs herein are entitled to establish their hereditary rights and cannot be bound by the recitation in the credit deed that their sister was married to a W. M. Anderson.
The allegations of plaintiffs' pleadings, as amended, sufficiently place at issue the marital status of their deceased sibling Carrie Tucker, and call in question the validity of the recitation that she was married only once and then to W. M. Anderson. This recitation, as demonstrated by the evidence, is untrue, as Carrie Tucker was clearly legally married to Willie Washington. Plaintiffs have adequately alleged a fraudulent recitation in deprivation of their hereditary rights, and the trial court properly admitted parol evidence in support of such allegations.
Counsel for defendant-appellant is correct in stating that the trial judge erred in finding that William M. Anderson testified that he was not married to Carrie Tucker. This sentence to such effect in the trial *360 judge's Reasons for Judgment does conflict with the testimony of William M. Anderson that he was married to Carrie Tucker in 1933 in Liberty, Mississippi. For the reasons previously stated, however, the preponderance of the evidence establishes that such claimed marriage in all probability never occurred, notwithstanding the self-serving testimony of William M. Anderson (Willie Williams), and, in any event, such was not a valid and legal marriage due to the continued marriage of Carrie Tucker to Willie Washington.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs of this appeal assessed to defendant-appellant.
Affirmed.
NOTES
[1] Willie Williams (Anderson) was joined by amended petition as an additional defendant, but has not appealed the adverse judgment.