SARTAIN, Judge,
dissenting in part.
I concur with the majority in that the exception of no cause of action was properly sustained. However, I disagree with the majority in its conclusion that the matter should not be remanded to permit an amendment to the pleadings. C.C.P. art. 934.
The record does not disclose that Mrs. Keller either requested an opportunity to amend or that the trial judge denied her the opportunity to do so.
In her brief in this court she contends that certain items of property listed in the inventory as belonging to the estate were acquired as the result of “her labor and investment.” This claim is an obvious deviation from that asserted in her original petition, i. e., that she considers herself “the surviving spouse.” It presents a distinct and seperate claim for relief. Keller v. Keller, 220 So.2d 745 (La.App.1st Cir. 1969); Guerin v. Bonaventure, 190 So.2d 476 (La.App.1st Cir. 1966); Sparrow v. Sparrow, 231 La. 966, 93 So.2d 232 (1957).
Under these circumstances I think the cause should be remanded. Hodges v. La- *881 Salle Parish Police Jury, 368 So.2d 1117 (La.App.3rd Cir. 1979).