417 So.2d 1272 (1982)
Margie Gladden BROADWAY
v.
James L. BROADWAY.
No. 14958.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Rehearing Denied August 24, 1982.
*1273 John Comish, Baton Rouge, for plaintiff-appellee Margie Gladden Broadway.
Ralph W. Brewer, Baton Rouge, for defendant-appellant James L. Broadway.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
*1274 LOTTINGER, Judge.
This is a suit for partition by licitation of a ten-acre tract of land located in East Baton Rouge Parish. Margie Gladden Broadway filed suit against James L. Broadway, alleging that she and defendant were each owners of an undivided one-half interest in the tract, and demanding partition of the tract by licitation. From judgment of the trial court in favor of plaintiff, defendant has appealed.

FACTS
At trial, plaintiff attempted to prove her co-ownership of the tract of land by introducing into evidence an authentic act of sale dated July 8, 1967, of the tract from Gerald W. Sides and Leland N. Stockwell to, "James L. Broadway and Margie Gladden Broadway, born Gladden, husband and wife, married to and living with each other in community."
On cross-examination, defense counsel sought to elicit plaintiff's testimony that she and the defendant were never legally married, that their relationship was one of concubine and paramour, and that no regime of community property ever existed between the parties. This line of questioning was met with a general objection on the ground that same was inadmissible parol evidence. The trial judge noted the general objection and allowed cross-examination to continue. After all evidence was in, the trial judge asked counsel to prepare memoranda on the admissibility of the parol evidence and took the entire suit under advisement. Subsequently, the trial judge found that the cross-examination of plaintiff did violate the parol evidence rule, held evidence adduced therein to be inadmissible, and rendered judgment in favor of plaintiff on the basis of the authentic act of sale.
Defendant moved for a suspensive appeal, or a devolutive appeal in the alternative. The trial court granted a suspensive appeal, but because no suspensive appeal bond was timely filed, the appeal is in fact devolutive.

ISSUES
The specifications of error assigned by defendant-appellant can be crystallized into two issues:
1) Was the cross-examination of plaintiff as to her marital status violative of the parol evidence rule?
2) Does plaintiff have any ownership interest in the subject property?

PAROL EVIDENCE
Defendant-appellant argues that the trial judge committed error in his application of the parol evidence rule. The trial judge held that testimony of the plaintiff as to her marital status could not be admitted to refute the recitation in the authentic act that the plaintiff and defendant were married at the time of the sale.
The following articles of the Louisiana Civil Code are applicable:
"Art. 2236. The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.
"Art. 2238. An act, whether authentic or under private signature, is proof between the parties, even of what is there expressed only in enunciative terms, provided the enunciation have a direct reference to the disposition.
"Enunciations foreign to the disposition, can serve only as a commencement of proof.
"Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since." (emphasis supplied)
A reading of these codal provisions indicates that parol evidence cannot be introduced to vary or contradict the terms of a written agreement.
However, the clear import of these articles is that the parol evidence rule applies only where the enforcement of an obligation created by the writing is essentially the cause of action. The parol evidence *1275 rule does not apply where the controversy is between those parties to the act of sale who were on the same side and whose interest was identical. Richard v. Cain, 168 La. 608, 122 So. 866 (1929). Nor does the rule apply when the writing is collateral to the issue involved and the action is not based on the writing. Wampler v. Wampler, 239 La. 315, 118 So.2d 423 (1960).
The parol evidence argument raised by plaintiff is essentially the same as that presented in Tucker v. Joseph, 292 So.2d 357 (La.App. 1st Cir. 1974). Tucker involved an action for partition by licitation of immovable property brought by the heirs of one co-owner against the surviving co-owner. At issue was the marital status of the deceased co-owner, Carrie Tucker Washington, also known as "Carrie Anderson." The credit deed contained the following recitation, "... the property herein conveyed unto ... Carrie Anderson, once married, and then to W. M. Anderson, now residing with him." The heirs of Carrie Tucker Washington sought to prove by parol evidence that Carrie Tucker was lawfully married but once, and then to Willie Washington, and that Carrie Tucker left her lawful husband without dissolving their marriage and subsequently cohabited with one Willie Williams, also known as "Willie Anderson." The defendant argued that this evidence could not be admitted to vary or contradict the recitation in the credit deed that Carrie Tucker (Carrie Anderson) had once married and then to W. M. Anderson; that to do so would violate the parol evidence rule. The trial court overruled defendant's objection, and this court found no error, holding that the parol evidence was properly admitted.
The instant action is not one to enforce an obligation created by the authentic act of sale. This suit involves an issue totally collateral to the act of sale. This action is between parties who were originally on the same side of the act of sale. Accordingly, the parol evidence rule has no application to the instant case. Wampler, supra. We hold that the exclusion of plaintiff's cross-examination testimony as to her marital status at the time of the act of sale was erroneous.
Because of this holding, we consider plaintiff's answers on cross-examination to be a proper part of the record. This evidence reveals conclusively that plaintiff and defendant were never legally married, and that their relationship was that of concubine and paramour. Thus, plaintiff's claim of co-ownership in the subject tract must be evaluated within the context of concubinage.

CONCUBINAGE
The fact that a man and a woman live together as concubines does not create a community of acquets and gains between them. See La.Civ.Code arts. 87 and 88. Additionally, in Sparrow v. Sparrow, 231 La. 966, 93 So.2d 232 (1957), the Supreme Court held that where the initial motive for a man and a woman to live together is concubinage, and such relationship continues, the concubine is not entitled to recover assets of the joint entity under any theory of partnership. The court based its ruling on La.Civ.Code Art. 2804, which stated at that time:
"All partnerships are null and void which are formed for any purpose forbidden by law or good morals...."
In Sparrow, the concubine, after the paramour's demise, sought to be declared a one-half owner of certain realty obtained by the deceased during the concubinage, or in the alternative, sought a money judgment for services rendered. The court noted that the evidence did not reveal that the concubine invested her money into any of the subject property. The court expressly distinguished the following cases:
"1. In Delamour v. Roger, 7 La.Ann. 152, the doctrine of equitable ownership was upheld, but there the court found that the concubinage was merely an incident of a business to which the plaintiff concubine had contributed capital.
"2. In Malady v. Malady, 25 La.Ann. 448, the concubine proved that she contributed a large amount of the capital employed to buy real estate, and the property was all bought in her name.

*1276 "3. In Lagarde v. Dabon, 155 La. 25, 98 So. 744, this court merely permitted the concubine to recover money which she had advanced." 93 So.2d at 234.
In Heatwole v. Stansbury, 212 La. 685, 33 So.2d 196 (1947), the Supreme Court, while noting that concubinage did not establish a community of gains or a partnership, stated:
"It is to be noted that concubines, although under certain disabilities, in the interest of good morals, are not prevented from asserting claims arising out of business transactions between themselves, independent of the concubinage. But the claimant must produce strict and conclusive proof before he can be afforded relief." 33 So.2d at 197.
The court held that the paramour had utterly failed to prove that he had contributed to the savings account held in the name of the concubine.
Thus, the jurisprudence has established certain exceptions to the general prohibition of concubines' acquiring property jointly. If the acquisition is a part of a business venture independent of the concubinage, then the concubines are not prevented from co-ownership, Heatwole v. Stansbury, supra; Delamour v. Roger, 7 La.Ann. 152 (1852). In Malady v. Malady, 25 La.Ann. 448 (1873), the concubine was allowed to retain one-half of the assets of the joint entity where it was proven that her capital and industry was responsible in great part for the acquisition. In Lagarde v. Dabon, 155 La. 25, 98 So. 744 (1924), the court refused to enforce a verbal agreement between concubines that they would share equally property acquired through their joint efforts and industry; however, the concubine had stated a cause of action to recover the amounts she had actually expended. The court in Lagarde cited Delamour, supra for the following proposition:
"There is a manifest difference between * * * the wages or reward promised in consideration of concubinage, which cannot be maintained, and a suit for property, the result of capital, industry, labor and economy. * * * The reasonable effect of article 2804 [now 2833] of the Civil Code, is to render the participator in concubinage incapable of recovering, as a universal partner, one half of the property acquired, although her labor may have contributed nothing toward its accumulation; but, when her capital and labor has contributed a full share towards the result, equity entitles her to half the property acquired." 98 So. 744, 745; citing 7 La.Ann. 152, 155.
An assimilation of the above authorities reveals the proper rule of law to be applied in cases such as the one sub judice: if the concubine can furnish strict and conclusive proof that her capital and industry, obtained independent of the concubinage, contributed a full share to the acquisition of the subject property, then equity dictates she be declared a one-half owner.
As stated above, parol evidence admitted at trial revealed that the recitation in the act of sale that the parties were married was false. Thus, this recitation is to be ignored in deciding ownership of the subject tract. In so doing, the fact remains that the parties herein are listed as co-vendees of the immovable property.
In Manning v. Harrell, 59 So.2d 389 (La. App. 2nd Cir. 1952), the situation was almost identical to the facts in the instant case. The concubine, after having left the paramour, demanded a partition of real property acquired during the concubinage. Both parties appeared as vendees on the act of sale, which falsely described them as man and wife. The plaintiff introduced a certified copy of the deed into evidence. The Second Circuit stated:
"Our jurisprudence recognizes that when property is acquired by several vendees and their specific shares are not stipulated in the act of conveyance a presumption arises that such interest shall be considered equal. This presumption is rebuttable to the extent that the court will decree ownership in proportion to the amount and consideration contributed by the respective vendees." 59 So.2d 389, 390.
*1277 The court went on to hold that neither side adequately proved that he was entitled to more than a one-half share, and rendered judgment in favor of the concubine, decreeing her a one-half owner of the subject property. The court cited Oxford v. Barrow, 43 La.Ann. 863, 9 So. 479 (1891) (erroneously cited as "Walker v. Barrow") for the proposition that where a deed conveys land to several persons by name without stating the interest of each, it is presumed that their interests are equal.
The Fourth Circuit applied Manning in Succession of Washington, 140 So.2d 906 (La.App. 4th Cir. 1962), where a concubine sued the succession of her late paramour, asking to be recognized as one-half owner of certain realty purchased during the concubinage. The Fourth Circuit held that the concubine's introduction of a deed purporting her as a co-vendee created a rebuttable presumption that the concubine was an owner of an undivided one-half interest in the subject property. The Fourth Circuit found the exclusion of evidence (under the parol evidence rule) involving the amount of the purchase price paid by each to have been erroneous, and remanded the cause to the district court for further evidence.
In Jackson v. Hampton, 153 So.2d 187 (La.App. 2nd Cir. 1963), app. den. 244 La. 1013, 156 So.2d 223 (1963), the Second Circuit again held that the concubine's introduction into evidence of an authentic act listing her as a vendee created a presumption that she was a one-half owner of the property. The court placed the burden of proof that the concubine had furnished none of the consideration for the property on the plaintiffs, heirs of the deceased paramour, and finding that they failed to meet this burden, rendered judgment recognizing the concubine as co-owner of the subject property.
In Chambers v. Crawford, 150 So.2d 61 (La.App. 2nd Cir. 1963) the concubine was not listed as a vendee on the deed, but was merely listed as the "wife" of the vendee-paramour. The Second Circuit rejected her claim for a one-half interest in certain immovable property. The court found that in the absence of a deed listing her as a co-vendee, she enjoyed no presumption that payments by her were not derived from the illicit relationship. Manning and Washington were expressly distinguished. Where the concubine was not named as a co-vendee, the rule of Sparrow prevailed and the court held that because concubinage was the initial motive of the parties in acquiring the property, the concubine could not claim co-ownership or recover amounts expended during the concubinage.
It is undisputed that plaintiff is a co-vendee in the act of sale. We are of the opinion that she should thereby enjoy a rebuttable presumption that her contribution was by funds obtained independent of the concubinage, following Manning, Washington and Jackson, supra. The defendant failed to rebut this presumption by showing that whatever contribution plaintiff made to the acquisition of the subject property was derived from the illicit relationship. On the contrary, evidence adduced at trial revealed that plaintiff was the operator of three beauty parlors, that revenues from the parlors went into a joint account in the name of both parties, that the subject property was paid for with a check drawn on the same account, and that plaintiff was the person who actually signed this check. This evidence, combined with the presumption accorded plaintiff as a named co-vendee, carries the burden of strict and conclusive proof that plaintiff's contribution was by independently-obtained funds which did not derive from the illicit relationship. Heatwole, supra. Thus, plaintiff is entitled to be declared a one-half owner in the subject property, under the doctrine of equitable ownership.
We are aware that this court in Keller v. Keller, 220 So.2d 745 (La.App. 1st Cir. 1969), stated that, "... a concubine ... may only recover those funds that she had contributed to the actual purchase of assets which she now claims to be an owner in indivision with her paramour." 220 So.2d at 750. In Keller, the "wife" was a named co-vendee, and she demanded partition or, in the alternative, reimbursement of her contribution. *1278 The trial court denied a partition, but rendered a judgment of $375.00 in favor of plaintiff, representing her contribution. Plaintiff moved for a new trial, which was denied, and plaintiff subsequently filed for and was granted an appeal. However, plaintiff's brief on appeal urged that the sole issue before the appellate court was the propriety of the trial judge's refusal to grant a new trial. The defendant answered the appeal, urging reversal of the money judgment as well as other collateral issues. This court noted that the jurisprudence was well-settled that any relief available to an appellant which is not urged in brief or oral argument is deemed waived; accordingly, the court held, after resolving the issue of a new trial unfavorably to the appellant, that the only remaining issues on appeal were those raised by appellee in his answer to the appeal. For these reasons, the issue of whether partition is an available remedy in this type of case was not actually before this court in Keller, and the broad assertion made therein that a concubine who affords strict and conclusive proof that her contribution was derived independent of the concubinage may nonetheless recover only those amounts actually expended is but dictum, since same was not essential to the holding in Keller. Therefore, Keller does not conflict with our ruling in the case sub judice that plaintiff is entitled to be recognized as the owner of a one-half interest in the subject tract.
Therefore, for the above and foregoing reasons, the judgment of the trial court is hereby affirmed, all costs going to defendant-appellant.
AFFIRMED.