439 So.2d 1127 (1983)
Brenda LACOUR
v.
Harold Joseph THEARD.
No. CA-0682.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1983.
Writ Denied December 9, 1983.
*1128 Martin E. Regan, Jr., New Orleans, for appellant.
Walter J. Wilkerson, New Orleans, for appellee.
Before GULOTTA, WARD and BYRNES, JJ.
GULOTTA, Judge.
In this suit for ownership and division of property accumulated between parties living in concubinage, defendant Harold Joseph Theard appeals from a judgment recognizing Brenda Lacour's entitlement to one-half the value of the home where they formerly resided together. We reverse.
In 1969, Lacour and Theard, who never legally married each other,[1] began living together as man and wife with their eight year old son and four year old daughter in a home rented by Lacour. In 1971, Lacour, Theard and their children moved to the house purchased in Theard's name only, and continued to co-habitate in this house until November, 1981. This property is the subject of this litigation.
Lacour's petition averred that "the parties agreed to discharge the traditional family obligations through their mutual effort...", that "the family home, though purchased in the name of defendant, was purchased with joint funds ...", that "various family obligations have always been recorded in the name of plaintiff ...", and that "as a result of plaintiff's and defendant's agreement, plaintiff is entitled to one-half of the property accumulated by the parties." Alternatively, plaintiff claimed that she was "entitled to one-half of the accumulated property on the basis of equity."
The house at issue was purchased with a Veteran's Administration (VA) loan solely in Theard's name and based on his eligibility. No down payment was necessary. According to Theard, he made the final decision to buy the house and paid approximately $300.00 in closing costs. He further testified that Lacour had never attempted to put her name on the title, and it was understood that Lacour could live rent free in the house if she wished.
On the other hand, Lacour testified they had decided to buy the house together, and that each party contributed one-half of the closing costs from their mutual savings.
It was stipulated that there was no written partnership agreement. No joint business venture independent of the concubinage was established. Both parties testified *1129 that Lacour never attempted to take responsibility for paying the house loan and that Theard paid the monthly mortgage note, house upkeep, groceries, and automobile note and insurance from his separate checking account. Lacour paid the children's tuition, and the gas, electric and telephone bills from her separate checking account. The gas and electric bills were in his name, and the water and telephone were in hers. According to Theard, his monthly share of the bills, not including the house note, was greater than Lacour's.
Both parties were gainfully employed and each maintained separate charge accounts paid from separate checking accounts. The couple maintained a joint savings account.
In his oral reasons for judgment, the trial judge stated:
"I think that the equitable requirement in this case are such that because of the unusual arrangement from 1969 to 1981 and in view of the fact that two children were born of this arrangement and both of them were acknowledged by the defendant... an equitable solution to the purchase of the house ... would be that had Mr. Theard been required to pay child support as would have been required in ordinary circumstances had an ordinary arrangement existed that money could have been given to the wife and that in effect would have offset or come pretty close to offsetting what would have been the community. So the Court is of the opinion because of equities involved that the purchase of the house ... in 1971 was a mutual purchase by them both since it could only be purchased through him through the Veterans Administration... And I think it was anticipated and the intent for equity to prevail in that making the purchase there was an intent to buy the house jointly... it belongs one-half each."
In the absence of evidence of a title in the names of both parties or a contribution by Lacour towards the purchase of the house (and no such evidence was offered), we hold the trial judge erred by ruling that equity justified granting Lacour one-half of the house's value.
It is well settled that where the initial motive for a man and woman to live together is concubinage, neither party is entitled to recover assets of the joint entity under any theory of partnership. See Sparrow v. Sparrow, 231 La. 966, 93 So.2d 232 (1957). An exception to this general prohibition, however, is that a concubine is not prevented from co-ownership if the acquisition is a part of a business venture independent of the concubinage based on equitable grounds. See Sparrow v. Sparrow, supra, Heatwole v. Stansbury, 212 La. 685, 33 So.2d 196 (1947); Delamour v. Roger, 7 La.Ann. 152 (1852); Prieto v. Succession of Prieto, 165 La. 710, 115 So. 911 (1928).
In Succession of Washington, 140 So.2d 906 (La.App. 4th Cir.1962), this court held that the concubine's introduction of a deed naming her as co-vendee created a rebuttable presumption that the concubine was an owner of an undivided one-half interest in the subject property. This rebuttable presumption was used in Chambers v. Crawford, 150 So.2d 61 (La.App. 2nd Cir. 1963).
Further, in Broadway v. Broadway, 417 So.2d 1272 (La.App. 1st Cir.1982), writ denied 422 So.2d 162 (La.1982), our brothers stated the equitable rule that a concubine can be declared a one-half owner of the property if she can furnish strict and conclusive proof that her capital and industry, independent of the concubinage, contributed a full share to the acquisition of the property.
In the instant case, unlike Succession of Washington, supra, and Broadway v. Broadway, supra, no deed or title listing Lacour as co-vendee or joint purchaser was introduced into evidence. Evidence as to Lacour's contribution to the closing costs was conflicting. Furthermore, neither party testified that the plaintiff ever attempted to list her name on the loan or title, or contributed towards the loan payments. In the absence of evidence that Lacour contributed a share to the acquisition of the *1130 house, she is not entitled to half the value of the house on the grounds of equity.
We find no merit to Lacour's contention that the parties entered into a contract concerning the home that was either express, implied in fact, or implied in law. Although the record establishes the parties had a financial arrangement whereby Theard paid the loan, house maintenance, automobile expenses and groceries, and Lacour paid the utilities and children's tuition, we cannot conclude this arrangement supports a conclusion of ownership in both parties.
Accordingly, the judgment of the trial judge is reversed and set aside. Plaintiff's suit is dismissed at her costs.
REVERSED AND SET ASIDE.
NOTES
[1] In 1969, with Lacour's knowledge, Theard was legally married to Lacour's sister until he obtained a divorce in 1981.